82 213
87a 547

THE STATE *ex rel.* MANSUR *et al., Appellants,* v. KEMP.

COSTS: CHARGES AGAINST ATTORNEY: PRIVATE PROSECUTOR. Where charges, under Revised Statutes 1879, sections 488, 489, against an attorney to disbar him are set on foot and prosecuted by private persons, the costs may be properly adjudged against them on their failure to sustain the charges.

*Appeal from Linn Circuit Court.*—HON. HARRY LANDER, Special Judge.

AFFIRMED.

*C. H. Mansur* and *John E. Wait* for appellants.

The proceeding was in its nature a criminal one. R. S. 1879, §§ 488, 489; 2 Hawkins P. C., p. 212; *People v. Smith,* 3 Caines 221; *In re Davies,* 9 Rep. 765; *B. & O. R. R. Co. v. Wheeling,* 13 Gratt. 40. Being a proceeding of a public and criminal character, the costs should not have been taxed against appellants. *Turner v. Com.* 2 Met. 619; *Robinson's Case,* 19 Wall. 510; *In re Paschal,* 10 Wall. 491. All statutes in reference to costs must be strictly construed. *Gordon v. Maupin,* 10 Mo. 352; *Shed v. Railroad Co.,* 67 Mo. 687. In the absence of a statute so authorizing, the court could not tax the costs against the appellants

*Clark & Collier* for respondent.

MARTIN, C.—The appellants exhibited in the circuit court of Livingston county certain charges against the respondent under sections 488 and 489 of the statutes relating to the suspension and disbarment of attorneys. In the margin of the charges they entered the name of the State and county in the form of a statement of venue as follows:

STATE OF MISSOURI, }
County of Livingston } ss.

In no part of the charges does it appear that they

were exhibited in the name of the State or county, or that the parties exhibiting them assumed to employ the name of the State or county, or to act in behalf thereof. In the affidavit made by Wait and Mansur, the parties exhibiting the charges are alluded to as relators, and the charges are also signed by Mansur & Wait as attorneys for relator. The court ordered the issue of summons but the accused waived service and appeared to the charges voluntarily. A change of venue was then taken to the circuit court of Linn county, where the charges were tried before H. Lander, special judge. Three of the five charges were abandoned before trial, and the proceedings resulted in an acquittal of the respondent upon the remaining two. After it was all over the prosecuting parties made a motion to retax costs which had been given against them in the judgment of acquittal. This motion was overruled and they appealed from the action of the court in adjudging them liable for costs.

They insist that the costs should have been taxed against the county of Livingston, for the reason that the public was interested in the proceeding which was of a *quasi*-criminal nature. The statute which provides for the exhibition of charges does not indicate in what name or by whose agency they shall be prosecuted; that would seem to be left to the discretion of the court. Independent of any statute, a court having the power to admit attorneys to the bar, has the power to disbar them. *State v. Laughlin*, 73 Mo. 446; *In re Bowman*, 8 Cent. L. J. 250.

It is not necessary that charges should be prosecuted in the name of the State. Neither the character of the proceedings, nor the provisions of the statute require this. *In re Bowman*, 8 Cent. L. J. 250; 7 Mo. App. 567. In this case it does not appear that these charges were exhibited or prosecuted in the name of the State. The clerk, without any order of the court to that effect, but upon his own responsibility, attached the State's name to the style of the proceeding. I will not pretend to say that charges may

not be exhibited and prosecuted in the name of the State and in its behalf. *Turner v. Comm.*, 2 Met. (Ky.) 619. But when this is done it should appear to have been done either at the instance of the prosecuting attorney, or in compliance with an order of the court to that effect. In such case costs might properly be adjudged against the State. But, I do not conceive that any one of his own motion can set on foot such proceedings in the name of the State and burden it with the costs of failure.

The charges in this case were set on foot and prosecuted by the appellants upon their own responsibility, as I have no doubt they had a right to do, by leave of the court, which was indicated in the award of process. Having elected to prosecute in this form, I see no error in the court adjudging costs against them, upon failure to sustain the charges. Accordingly the judgment is affirmed. All concur, except Hough, C. J., absent.