[No. 2398. Decided October 23, 1896.]

*In the Matter of the Application for the Disbarment of John B. Ault:* INTERSTATE SAVINGS AND LOAN ASSOCIATION, *Appellant.*

DISBARMENT PROCEEDINGS — APPEAL BY PETITIONER — INTEREST OF APPELLANT.

Where judgment of dismissal of a petition for the disbarment of an attorney has been rendered, the petitioner has no such interest in the subject matter of the proceeding as will entitle him to prosecute an appeal therefrom.

Appeal from Superior Court, Snohomish County. —Hon. JOHN C. DENNEY, Judge. Appeal dismissed.

*Shank & Smith,* for appellant.
*Coleman & Hart,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—An application was filed in the superior court of Snohomish county by the Inter-State Savings and Loan Association, alleging many delinquencies on the part of the respondent John B. Ault, and praying the court for an order citing said John B. Ault to appear and show cause, if any he had, why he should not be forthwith disbarred and his name

stricken from the roll of attorneys of said court. Respondent demurred to the petition upon the ground: (1) that the court had no jurisdiction of the person of the respondent in this proceeding, (2) that it had no jurisdiction of the subject-matter of the proceeding, (3) that the petition did not state facts sufficient to constitute a cause of action, and (4) that the proceeding was not being prosecuted upon the court's own motion.

This demurrer was sustained by the court and judgment of dismissal entered, from which judgment an appeal is taken to this court. The respondent now moves the court to dismiss this appeal for the reason that this court has no jurisdiction of an appeal from the order from which this appeal is taken, that the notice of appeal was not served or filed within the time limited by law, and that the appellant has no appealable interest in the subject-matter of this appeal and is not entitled to prosecute it. Without noticing the first two alleged grounds for dismissal, we think the last one, namely, that the appellant has no appealable interest in the subject-matter of this appeal, must be sustained. The record does not disclose the ground upon which the court sustained the demurrer. It was indicated by the appellant in oral argument that it was because the lower court did not think it had jurisdiction to try the cause, and it is insisted that if the appeal is dismissed, the effect would be to assume the very thing in controversy. However that may be, an appeal is a statutory right and if not given by the statute cannot be entertained by this court. The statute provides that a party who is aggrieved may prosecute appeals. We cannot understand how the appellant in this action is in any sense aggrieved. It is not a sentimental grievance that the

statute contemplates, but it is a grievance that amounts to an interest. There can be but two parties in interest in a case of this kind outside of the respondent, namely, the court and the public. The respondent is an officer of the court, and the law provides a method by which the court can determine the fitness or unfitness of an attorney for that position, and no doubt the interests of the public can be protected by an action authorized by some one who represents the public, but the appellant in this case neither represents the court nor the public, and it can be of no interest to it who the attorneys of the courts of the state of Washington are. If the judgment of the court had been against the attorney, of course he could appeal, for he would certainly be a party in interest, the judgment depriving him of the right to practice his profession, but we are unable to discover any interest which the appellant in this case has in the matter in controversy.

The motion to dismiss will therefore be granted.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.