## J. STERLING MORTON ET AL. V. JOHN C. WATSON.

FILED NOVEMBER 8, 1900. No. 11,066.

1. **Disbarment:** CONFLICTING EVIDENCE. Where, in a disbarment proceeding instituted against an attorney, the evidence is fairly conflicting, a finding based thereon will not be disturbed on review.

2. ——: PRIOR PENDING INDICTMENT: POSTPONEMENT OF CONSIDERATION. Where disbarment proceedings are founded, in part, upon facts made the basis of a prior pending indictment or information against the same attorney, the court may, where no abuse of discretion is shown, postpone the consideration of the specification in the proceeding to disbar involved in the criminal case until the latter is terminated.

3. **Taxation of Costs.** In disbarment proceedings costs can not be taxed against the informers, at least where the informers acted in good faith in bringing the alleged misconduct of the attorney to the attention of the court.

ERROR to the district court for Otoe county. Tried below before RAMSEY, J. *Reversed.*

*Warren & Jackson,* for plaintiffs in error.

*Sloan & Moran, Matthew Gering, John V. Morgan, L. W. Colby* and *Frank Irvine, contra.*

NORVAL, C. J.

An information was presented to the district court of Otoe county, charging John C. Watson with unprofessional conduct involving moral turpitude and a violation of the Criminal Code. The information was signed by J. Sterling Morton and other foremost citizens of the county, was verified by one of their number, and contained various charges against said Watson, accusing him of having been guilty of numerous acts, any of which, if true, it is claimed, would disqualify him from practicing his profession as attorney at law. A committee of members of the bar was appointed by the court to investigate into the truth or falsity of said charges, and make report

thereon to the court.   Watson appeared, a hearing was had and the committee made report finding that certain of said charges had not been sustained by a preponderance of the evidence, and that one of the specifications it refused to consider, because Watson was at said time under indictment, or information, of a criminal nature, for a criminal charge in connection therewith.   The lower court approved said report, dismissed the proceeding against Watson, and taxed the costs thereof against those who signed the information.   From said ruling and decision they prosecuted error proceeding, alleging that there was error in approving the report of the committee and in  refusing to consider the specification before mentioned, and that the lower court erred in taxing the costs of the proceeding against the informants.   We are of the opinion that no error was committed in approving the report.   The evidence bearing upon the charges on which Watson was given a hearing was more or less conflicting, so much so that we can not say that there was any abuse of discretion in the court below approving and confirming the report of the committee.

The specification which the committee refused to consider charged Watson with forgery of a promissory note. It was found that he was under indictment for said alleged offense at the time the hearing was had, and for that reason said committee refused to consider the charge therein contained.   We do not hold that it is indispensible that a hearing of this nature should be suspended because a criminal prosecution is pending charging the person against whom a disbarment proceeding is being taken with the same facts until the criminal cause is terminated.   A finding in a disbarment proceeding either adverse to or in favor of the person accused perhaps would in no way affect such criminal action; nor would a verdict of either guilty or not guilty in a criminal action be binding on a court in a disbarment proceeding wherein the same act is charged.   But we have no doubt that it was within the sound discretion of the court, and

47

its committee, to refuse to take up the specification covered by the pending indictment until the criminal prosecution had ended. When the criminal cause shall have been determined, it will be the duty of the court to investigate the matters embraced in the specification not yet considered.

There was error in the ruling of the lower court taxing the costs against the informants. A proceeding of this nature is neither in its form or substance a civil or a criminal action. It partakes of the nature of neither. A disbarment proceeding is not an action within the meaning of that term as employed in the Code. The parties who signed the information upon which this proceeding was based were not plaintiffs in a case. On the contrary, they were more nearly friends of the court, their action having been evidently actuated by a desire to assist it in an inquiry into the conduct of one of the members of its bar. To designate them as parties to an action, whereby they might be mulcted in costs, should the charges preferred be not sustained, would strongly tend to discourage disclosures of wrongful conduct upon the part of members of the legal profession; and would, therefore, be against sound public policy. At law, costs are the mere creatures of statutes. As there is no law specially providing for taxation of costs in proceedings of this nature, and as the awarding of costs depends upon statute, the lower court was without power to tax them against these informers, who, in the sense employed by the Code, were no parties to the proceedings.

It is claimed, however, that in taxing the costs of the proceeding the lower court endeavored to carry out the terms of a stipulation filed by certain attorneys who appeared in the proceeding. The terms of this agreement are in controversy. It is claimed that the stipulation in its original form provided that the costs should be taxed to the losing party, while in its present form it specifies that they shall be taxed according to law. The form of the stipulation we believe to be immaterial, as the statute

makes no provision for costs and the stipulation did not attempt to cover costs not provided for or fixed by law.

For reasons stated, the judgment awarding costs is reversed and the proceedings are remanded.

REVERSED AND REMANDED.