## STATE OF IOWA v. J. A. TRACY, *Appellant.*

**Disbarment:** AUTHORITY OF JUDGE TO DIRECT INSTITUTION OF DISBARMENT PROCEEDINGS. Code, section 325, provides that proceedings to suspend an attorney may be commenced by the direction of the court or on motion of an individual; that in the former case the court must direct an attorney to draw up the accusation, and in the latter the accusation must be drawn up by the person making it. *Held* that, where an individual mailed an affidavit to a judge, in vacation, charging an attorney with unprofessional conduct, the judge was authorized, when sitting as a court, to direct disbarment proceedings to be begun in the name of the state, and to appoint attorneys to prosecute the case.

**JUDGMENT:** *Reprimand.* In a proceeding to revoke or suspend an attorney's license, under Code, sections 323, 324, where the court fails to find the defendant guilty it has no power, on dismissing the charges, to render judgment "that the defendant be reprimanded," and for costs.

**IS APPEALABLE.** A judgment, in a proceeding to disbar an attorney, "that defendant be reprimanded," and for costs, amounting to $61, is appealable.

LADD, J., dissenting.

*Appeal from Buena Vista District Court.*—HON. F. H. HEL-
SELL, Judge.

THURSDAY, OCTOBER 24, 1901.

THIS is a proceeding under the Code to revoke or sus-
pend the license of the defendant attorney and counselor at
law.   Upon trial had judgment was rendered as follows: "It
is ordered by the court that the defendant be reprimanded,
which was done at this time by the court; and it is further
ordered and adjudged by the court that the plaintiff, state of
Iowa, do have and recover of the defendant, J. A. Tracy,
the sum of sixty-one 85-100 dollars as costs and charges in
this hearing, and that execution issue therefor.   Cause for
further proceeding is dismissed."   Defendant appeals.—*Re-
versed.*

   *F. F. Faville* for appellant.

   *H. F. Schultz* for the State.

   GIVEN, C. J.—I.   Appellant's first contention is "that
the court did not have jurisdiction to try the case, for the
reason that the proceedings were not commenced in the man-
ner provided by section 325 of the Code."   Said section is as
follows: "Sec. 325.   Proceedings, How Begun.   The
proceeding to remove or suspend an attorney may
be commenced by the direction of the court, or on
motion of any individual.   In the former case, the court
must direct some attorney to draw up the accusation; in the
latter, the accusation must be drawn up and sworn to by the
person making it."   One Penfield mailed to Hon. F. H.
Helsell, judge of the said court, in vacation, an affidavit
charging the defendant with certain unprofessional conduct
as an attorney, and asking that he be disbarred.   Judge
Helsell ordered that the affidavit be filed, and the defendant
notified to appear on the second day of the next term.   On

said second day Judge Helsell received another affidavit from Penfield, to the effect that he was too poor to pay attorney's fees, and asking that the proceeding be docketed in the name of the state, and that the county attorney be appointed to prepare and prosecute charges for disbarment of the defendant. The court ordered the case docketed in the name of the state, and appointed Attorneys H. F. Shultz and E. M. Duroe to prepare charges and prosecute the case. They preferred charges, and defendant appeared thereto, and pleaded not guilty, whereupon trial was had. The defendant contends that a judge in vacation cannot direct such proceedings; that it can only be by the court in session. This is correct, but, the alleged misconduct having been brought to the knowledge of the judge by the affidavit of Penfield, he might properly, when sitting as a court, direct proceedings to be begun and prosecuted as was done. Notwithstanding the filing of the affidavit of Penfield, this proceeding was upon the direction of the court, and the court had complete jurisdiction to hear the cases.

II. Defendant's remaining contention is that the court had no authority to render the judgment that it did. This is a proceeding under the Code, sections 323 and 324 of which provide that revocation or suspension of the license is to follow conviction. In this case the court failed to find the defendant guilty, dismissed the charges against him "for further proceedings," and yet rendered judgment "that the defendant be reprimanded," and for costs. The defendant not being found guilty, a judgment discharging him from further answering—or, in other words, a dismissal of the charges—was the only judgment that could be rendered. If he had been found guilty, judgment suspending or revoking his license is the only judgment authorized by the Code. Defendant's counsel concede that courts have the inherent right to censure counsel for unprofessional conduct in open court, but insist—and correctly so—that judgment of reprimand is unauthorized in this proceeding,

and especially so where there has not been a finding of guilt.

Appellee's counsel contends that the judgment is for. costs only, and, as the costs are less than $100, no appeal lies.

It certainly means more than the costs to the defendant to have it stand of record as the judgment of the court that he "be reprimanded." He has a right to have that judgment reviewed in this court.

It is said that he did not move the lower court to retax the costs, and therefore cannot be heard to question their taxation to him in this court, but, as we have seen, there is more than costs involved in the judgment.

Appellee's counsel contend that we have no jurisdiction to consider this appeal, for reasons stated, and renews the motion to dismiss the appeal heretofore passed upon. We see no reason for changing our former ruling.

For the reasons stated, the judgment of the district court is REVERSED.

LADD, J. (dissenting).—I think the judgment in this case no more in legal effect than a dismissal of the proceeding and the taxation of the costs to the wrong party. The judgment for costs, being for less than $100, is not appealable. Matters of reproof or reprimand are exclusively within the discretion of the court administering them, and can form no part of a legal judgment in any case. For these reasons, the appeal should be DISMISSED.