[No. 6406.   Decided December 18, 1906.]

THE STATE OF WASHINGTON, *on the Relation of John D. Dill et al., Respondent,* v. C. VICTOR MARTIN, *Appellant.*[1]

ATTORNEY AND CLIENT—DISBARMENT—PARTIES. Proceedings for the disbarment of an attorney at law may be instituted on the information or relation of the bar association composed of attorneys who are members of the bar of the county.

SAME—DEMURRER—HARMLESS ERROR. The overruling of a demurrer to charges in a disbarment proceeding, on the ground of the unconstitutionality of the barratry statute of 1903 prohibiting the solicitation of business, is harmless where the evidence supports findings on other charges, not relating to the statute, warranting the judgment.

SAME—GROUNDS FOR DISBARMENT—FINDINGS—SUFFICIENCY—STATUTES—CONSTRUCTION. Findings of fact showing the securing of employment as an attorney through false representations as to other counsel, and as to the status of a case pending in the supreme court, and the representing of adverse interests in the same case, and conduct while acting as judge which necessarily involves immorality as a man and lawyer, are sufficient to support a judgment of disbarment of an attorney for unprofessional conduct, without regard to any provision of the barratry statute of 1903 prohibiting the solicitation of business; since Bal. Code, § 4775, authorizing the removal

[1]Reported in 87 Pac. 1054.

of an attorney for any violation of his oath or of his duties as an attorney, comprehends all acts involving the attorney's honesty and reliability.

SAME—COSTS. In a proceeding for the disbarment of an attorney, it is reversible error to ·tax costs against the defendant, there being no statute in this state authorizing costs against either party.

SAME—COSTS ON APPEAL. Upon reversing a judgment in disbarment proceedings for costs in a substantial amount, the defendant is entitled to his costs on appeal, to be taxed against the state, and not against the relators.

Appeal from a judgment of the superior court for Chelan county, Poindexter, J., entered April 17, 1906, in disbarment proceedings, after a trial upon the merits before the court, suspending the defendant from practicing as an attorney at law. Affirmed.

*John E. Humphries, George B. Cole, C. H. Neal,* and *M. J. Cochran,* for appellant. The proceeding was not commenced by the real party in interest. *In Re Ault's Disbarment,* 15 Wash. 417, 46 Pac. 644; Pierce's Code, § 252 (Bal. Code, § 4824); *State v. Fair,* 35 Wash. 127, 76 Pac. 731; *Nicol v. Skagit Boom Co.,* 12 Wash. 230, 40 Pac. 984; *Smock v. Brush,* 62 Ind. 156; *Pixley v. Van Nostern,* 100 Ind. 34; *Morning Star v. Cunningham,* 110 Ind. 328, 11 N. E. 593, 59 Am. Rep. 211; *People ex rel. Noyes v. Allison,* 68 Ill. 151; *Filbert v. Filbert,* 9 Pa. Co. Ct. 149; *Fitch v. Bates,* 11 Barb. 471; *Morgan v. Johnson,* 87 Ga. 382, 13 S. E. 710; *Regina v. Bedford,* 4 El. & Bl. 535-541; *McGrath v. People,* 100 Ill. 464; *Hughes v. Jones,* 116 N. Y. 67, 22 N. E. 446, 15 Am. St. 386, 5 L. R. A. 632. The court erred in overruling the demurrer to each cause of action because there was not sufficient facts alleged to show any interest in the relators. *Pence v. Aughe,* 101 Ind. 317; *Wilson v. Galey,* 103 Ind. 257, 2 N. E. 736; *Farris v. Jones,* 112 Ind. 498, 14 N. E. 484. The barratry act of 1903 is unconstitutional; the profession of attorney at law is property and cannot be taken from him excepting by due process of law. *State ex rel.*

*Rohde v. Sachs,* 2 Wash. 373, 26 Pac. 865, 26 Am. St. 857; *In Re Waugh,* 32 Wash. 50, 72 Pac. 710; *Blythe v. State,* 4 Ind. 525; *Webb v. Baird,* 6 Ind. 13; *Board of Commissioners v. Wood,* 35 Ind. 70; *Thomas v. Hot Springs,* 34 Ark. 553, 36 Am. Rep. 224. See, also, *In Re Aubrey,* 36 Wash. 308, 78 Pac. 900, 104 Am. St. 952; *Ruhstrat v. People,* 185 Ill. 133, 57 N. E. 41, 76 Am. St. 30; *People v. Beattie,* 96 App. Div. 383, 89 N. Y. S. 193; *Greenwich Ins. Co. v. Carroll,* 125 Fed. 121; *People v. Orange County Road Const. Co.,* 175 N. Y. 84, 67 N. E. 129, 65 L. R. A. 33; *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 90 N. W. 1098, 91 Am. St. 934, 58 L. R. A. 748; *Lochner v. New York,* 198 U. S. 45, 25 Sup. Ct. 539; *Low v. Rees Printing Co.,* 41 Neb. 127, 59 N. W. 362, 43 Am. St. 670, 24 L. R. A. 702; *People v. Gillson,* 109 N. Y. 389, 17 N. E. 343, 4 Am. St. 465; *State v. Fire Creek Coal etc. Co.,* 33 W. Va. 188, 10 S. E. 288, 25 Am. St. 891, 6 L. R. A. 359; *In Re House Bill No. 203,* 21 Col. 27, 39 Pac. 431; *In Re Eight-Hour Bill,* 21 Cal. 29, 39 Pac. 328; *Palmer v. Tingle,* 55 Ohio St. 423, 45 N. E. 313; *Commonwealth v. Perry,* 155 Mass. 117, 28 N. E. 1126, 31 Am. St. 533, 14 L. R. A. 325; *People v. Marx,* 99 N. Y. 377, 2 N. E. 29, 52 Am. Rep. 34; *Ramsey v. People,* 142 Ill. 380, 32 N. E. 364, 17 L. R. A. 853; *In Re Jacobs,* 98 N. Y. 98, 50 Am. Rep. 636; *Braceville Coal Co. v. People,* 147 Ill. 66, 35 N. E. 62, 37 Am. St. 206, 22 L. R. A. 340; *Ritchie v. People,* 155 Ill. 98, 40 N. E. 454, 46 Am. St. 315, 29 L. R. A. 79; *Ex Parte Kubach,* 85 Cal. 274, 24 Pac. 737, 20 Am. St. 226, 9 L. R. A. 482; *Frorer v. People,* 141 Ill. 171, 31 N. E. 395, 16 L. R. A. 492; *Ex Parte McNulty,* 77 Cal. 164, 19 Pac. 237, 11 Am. St. 257; *Bessette v. People,* 193 Ill. 334, 62 N. E. 215, 56 L. R. A. 558; *Thomas v. Hot Springs, supra; Eden v. People,* 161 Ill. 296, 43 N. E. 1108, 52 Am. St. 365, 32 L. R. A. 659; *Ex Parte Jentzsch,* 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664; *Tacoma v. Kreck,* 15 Wash. 296, 46 Pac. 255, 34 L. R. A. 68; Constitution,

art. 1, § 12; *State ex rel. Fowler v. Finley*, 30 Fla. 325, 11
South. 674, 18 L. R. A. 401; *People v. Appleton*, 105 Ill.
474, 44 Am. Rep. 812; *Dicken's Case*, 67 Pa. St. 169, 5
Am. Rep. 420; *In Re Orton*, 54 Wis. 379, 11 N. W. 584;
*People v. MacCabe*, 18 Colo. 186, 32 Pac. 280, 36 Am. St.
270, 19 L. R. A. 231; *State v. Kirke*, 12 Fla. 278, 95
Am. Dec. 314; *Ex Parte Smith*, 135 Mo. 223, 36 S. W. 628,
58 Am. St. 576, 33 L. R. A. 606; *Leep v. St. Louis etc. R.
Co.*, 58 Ark. 407, 25 S. W. 75, 41 Am. St. 109, 23 L. R. A.
264; *People ex rel. McPike v. Van De Carr*, 178 N. Y. 425,
70 N. E. 965, 102 Am. St. 516, 66 L. R. A. 189; *Young v.
Commonwealth*, 101 Va. 853, 45 S. E. 327; *Erdman v.
Mitchell*, 207 Pa. St. 79, 56 Atl. 327, 99 Am. St. 783, 63
L. R. A. 534; *Greenwich Ins. Co. v. Carroll*, 125 Fed. 121;
*Matthews v. People*, 202 Ill. 389, 95 Am. St. 241, 63 L. R. A.
73; *Allgeyer v. Louisiana*, 165 U. S. 578, 17 Sup. Ct. 427,
41 L. Ed. 832; *Butchers' Union etc. Co. v. Crescent City Live-
Stock Landing Co.*, 111 U. S. 746, 4 Sup. Ct. 652, 28 L. Ed.
585; *Lochner v. New York*, 198 U. S. 45, 25 Sup. Ct. 539.
The business of attorney is his property. *Ex Parte Steinman*,
95 Pa. St. 220, 40 Am. Rep. 637; *O'Hara v. Stack*, 90 Pa.
St. 477. Labor is property. *Gillespie v. People*, 188 Ill. 176,
58 N. E. 1007, 80 Am. St. 176, 52 L. R. A. 283; *State v.
Cadigan*, 73 Vt. 245, 50 Atl. 1079, 87 Am. St. 714, 57
L. R. A. 666; *State v. Julow*, 129 Mo. 163, 31 S. W. 781,
50 Am. St. 443, 29 L. R. A. 257. The statute deprives an
attorney of his liberty and right to contract. *Bailey v. Peo-
ple*, 190 Ill. 28, 60 N. E. 98, 83 Am. St. 116, 54 L. R. A.
838; *Deitzman v. Mullin*, 108 Ky. 610, 57 S. E. 247, 94
Am. St. 390, 50 L. R. A. 808; *State ex rel. Astor v. Schlitz
Brewing Co.*, 104 Tenn. 715, 59 S. W. 1033, 78 Am. St. 941;
*Kuhn v. Common Council of Detroit*, 70 Mich. 534, 38 N. W.
470. The barratry act deprives attorneys of the equal pro-
tection of the laws. *State v. Bilansky*, 3 Minn. 246-254;
*Yick Wo v. Hopkins*, 118 U. S. 356, 6 Sup. Ct. 1064; *State
v. Cadigan*, 73 Vt. 245, 50 Atl. 1079, 87 Am. St. 714, 57

L. R. A. 666; *In Re Grice,* 79 Fed. 627; *Templar v. State Board of Examiners of Barbers,* 131 Mich. 254, 90 N. W. 1058, 100 Am. St. 610; *Ho Ah Kow v. Nunan,* Fed. Cas. No. 6,546; *In Re Tiburcio Parrott,* 1 Fed. 481; *In Re Jacobs,* and *Thomas v. Hot Springs, supra; Bessette v. People,* 193 Ill. 334, 62 N. E. 215, 56 L. R. A. 558. The evidence shows the commission of no criminal offense. *Tudor v. Commonwealth* (Ky.), 84 S. W. 522. The defendant did not solicit or obtain any legal business. *Pinkard v. State,* 30 Ga. 757. The abandonment of the evil intention at any time before so much of the act was done as constitutes an offense, takes from what has been done its indictable quality. *State v. Allen,* 47 Conn. 121; *State v. Gray,* 55 Kan. 135, 39 Pac. 1050; *Phillips v. State,* 26 Tex. App. 228, 9 S. W. 557; *Clements v. State,* 50 Ala. 117; *Stephens v. State,* 107 Ind. 185, 8 N. E. 94; *Young v. State,* 82 Ga. 752; 9 S. E. 1108. An appearance for adverse parties is not ground for disbarment. *Clarke County v. Commissioners,* 1 Wash. Ter. 250. What occurred while the judge was upon the bench was ground for impeachment and not disbarment. *State v. Hill,* 37 Neb. 80, 55 N. W. 794, 20 L. R. A. 573; *In Re Silkman,* 84 N. Y. S. 1025; *State v. Lease,* 37 Neb. 92, 55 N. W. 798, 40 Am. St. 474, 20 L. R. A. 579; *People v. Goddard,* 11 Colo. 259, 18 Pac. 338. The term of office of the appellant having expired, he cannot be disbarred for any acts that he did as judge. *In Re Cooper,* 12 Hawaii 124. None but attorneys are prevented from soliciting business. *People v. Gastro,* 75 Mich. 127, 42 N. W. 937; *Butte v. Peasley,* 18 Mont. 303, 45 Pac. 210; *Weideman v. State,* 4 Ind. App. 397, 30 N. E. 920. No costs can be allowed to either party. *In Re Eaton,* 7 N. D. 269, 74 N. W. 870; *Morton v. Watson,* 60 Neb. 672, 84 N. W. 91; *Turner v. Commonwealth,* 2 Met. (Ky.) 619.

*William A. Grimshaw, A. N. Corbin,* and *Frank Reeves,* for respondent. The proceeding was properly instituted by the relators. 4 Cyc. 913, and cases cited under note 76; *Ex Parte*

*Wall,* 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552; *Fairfield County Bar v. Taylor,* 60 Conn. 11, 22 Atl. 441, 13 L. R. A. 767. The right to practice law is not an absolute right, but a privilege or franchise. 4 Cyc. 898; *Cohen v. Wright,* 22 Cal. 293; *State v. State Board of Medical Examiners,* 34 Minn. 391, 26 N. W. 125; Cooley, Torts (2d ed.), p. 341. The office of attorney is legislative and not constitutional. *Blake's Case,* 1 Blackf. (Ind.), 483. It may be burdened or limited. *Cohen v. Wright, supra; Simmons v. State,* 12 Mo. 268, 49 Am. Dec. 131; *Ex Parte Yale,* 24 Cal. 242, 85 Am. Dec. 62; *People v. Smith,* 200 Ill. 442, 66 N. E. 27, 93 Am. St. 206; *In Re Voss,* 11 N. D. 540, 90 N. W. 15. A professional tax may be imposed. *Blanchard v. State ex rel. Calhoun,* 30 Fla. 223, 11 South. 785, 18 L. R. A. 409; *Lent v. Portland,* 42 Ore. 488, 71 Pac. 645; *Simmons v. State, supra.* License to practice law is a naked privilege, which the state may revoke or on which it may impose conditions. *Languille v. State,* 4 Tex. App. 312; Cooley, Const. Law (Students Series, 3d ed.), p. 332. Statutes are upheld prohibiting attorneys from advertising. *People v. Smith, supra; People v. MacCabe,* 18 Colo. 186, 32 Pac. 280, 36 Am. St. 270, 19 L. R. A. 231; *People v. Goodrich,* 79 Ill. 148. Barratry, champerty, and maintenance were offenses at common law, for which disbarment would lie. *Commonwealth v. Davis,* 11 Pick. 432; *Duke v. Harper,* 66 Mo. 51, 27 Am. Rep. 314; Weeks, Attorneys, p. 183. An attorney has been disbarred for employing solicitors. *In Re Maires,* 7 Pa. Dist. 297; 4 Lach. Leg. News 139. An attorney may be stricken from the rolls for acting in an action or suit for both parties. Weeks, Attorneys, 170, 256, and cases cited; *In Re Cowdery,* 69 Cal. 32, 10 Pac. 47, 58 Am. Rep. 545; *People v. Spencer,* 61 Cal. 128. The defendant may be disbarred for his acts while a judge. *People v. Green,* 9 Colo. 506, 13 Pac. 514; *People ex rel. Colorado Bar Ass'n v. Anglin,* 33 Colo. 40, 78 Pac. 687; *In Re Voss,* 11 N. D. 540, 90 N. W. 15. The facts made

6—45 WASH.

a case for disbarment. *Dickens Case*, 67 Pa. St. 169, 5 Am. Rep. 420; *State v. Kirke*, 12 Fla. 278, 95 Am. Dec. 314; *People v. MacCabe, supra; Ex Parte Wall*, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552; *In Re Serfass*, 116 Pa. St. 455, 9 Atl. 674; *State ex rel. Attorney General v. Burr*, 19 Neb. 593, 28 N. W. 261; *State v. Winton*, 11 Ore. 456, 5 Pac. 337, 50 Am. Rep. 486; *Ex Parte Ditchburn*, 32 Ore. 538, 52 Pac. 694; *In Re Blank*, 1 Cen. Law Rep. (Pa.) 910; *Ex Parte Cole*, 1 McCrary 405; Weeks, Attorneys, p. 147; 4 Cyc. 905 *et seq.* An attorney may be disbarred for causes other than those enumerated in the statute. 4 Cyc. 905; 6 Ency. Plead. & Prac. p. 711, § 3, and cases cited; *Delano's Case*, 58 N. H. 5, 42 Am. Rep. 555; *Ex Parte Secombe*, 19 How. 13, 15 L. Ed. 525; *Ex Parte Wall, supra; State v. Mosher*, 128 Iowa 82, 103 N. W. 105; Weeks, Attorneys, p. 155; *State ex rel. Walker v. Harber*, 129 Mo. 271, 31 S. W. 889; *In Re Austin*, 5 Rawle (Penn.) 191, 28 Am. Dec. 657; *Beene v. State*, 22 Ark. 149; *People ex rel. Hughes v. Appleton*, 105 Ill. 474, 44 Am. Rep. 812; *Ex Parte Bradley*, 7 Wall. 364, 19 L. Ed. 214; *Smith v. State*, 1 Yerg. (Tenn.) 228; *In Re Serfass*, and *State ex rel. Attorney General v. Burr, supra; State ex rel. Keyhoe v. McRae*, 49 Fla. 389, 38 South. 605; *Farlin v. Sook*, 30 Kan. 401, 1 Pac. 123, 46 Am. Rep. 100; *Fairfield County Bar v. Taylor*, 60 Conn. 11, 22 Atl. 441, 13 L. R. A. 767, and note; *State v. Winton, supra; People ex rel. Moses v. Goodrich*, 79 Ill. 148; *State v. Kirke, supra; Ex Parte Cole, supra.* Where the misconduct is flagrant it need not even be in an official capacity of attorney. Weeks, Attorneys, pp. 147, 179; *Dickens Case, supra.* The relators were entitled to recover costs. *In Re Kirby*, 10 S. D. 322, 73 N. W. 922, 39 L. R. A. 856; *Ex Parte Ditchburn, supra; Matter of Wakefield*, 11 Hawaii 188.

HADLEY, J.—This is a proceeding for the disbarment of Charles V. Martin, who has been regularly admitted as an

attorney and counselor at law, and authorized to practice law before the courts of this state. The proceeding was instituted on the motion of members of the Bar Association of Chelan county, as relators or informers. Specific charges of unprofessional conduct were made, and a hearing was had thereon in the superior court of Chelan county, the Honorable Miles Poindexter, a visiting judge of Spokane county, sitting at the hearing. The hearing resulted in a judgment of disbarment for the term of three years, and this appeal is from the judgment.

Appellant's first assignment of error is that the court overruled the demurrer to the specifications contained in the motion for disbarment. It is argued that the motion is insufficient to state a cause of action, or to give the court jurisdiction, for the reason that the relators have no interest which enables them to prosecute an action of this kind. It is insisted that they cannot maintain this proceeding within the rule of *In Re Ault's Disbarment*, 15 Wash. 417, 46 Pac. 644. The real question decided in that case was that the petitioner for the disbarment had no such interest in the subject-matter of the proceeding as made it an aggrieved party, and such as entitled it to prosecute an appeal from a judgment refusing disbarment. It was also stated that, if the judgment had been against the attorney, he could have appealed for the reason that he would have been an aggrieved party in interest, inasmuch as the judgment deprived him of the right to practice his profession. It was said in the opinion in that case:

"There can be but two parties in interest in a case of this kind outside of the respondent, namely, the court and the public. The respondent is an officer of the court, and the law provides a method by which the court can determine the fitness or unfitness of an attorney for that position, and no doubt the interests of the public can be protected by an action authorized by some one who represents the public, but the appellant in this case neither represents the court nor

the public, and it can be of no interest to it who the attorneys of the court of the state of Washington are."

It was recognized by the above that a disbarment proceeding may be instituted by someone who represents the public or the court. The petitioner in that case was a corporation and, as was said, it neither represented the public nor the court. The relators here are not only individual members of the public, but are also attorneys and officers of the court, and in a very true sense may be said to represent the court in so important a matter as that of bringing before it the question of misconduct of one of its own officers. The statute, Bal. Code, § 4776 (P. C. § 3198), simply requires that such proceedings shall be instituted of the court's own motion or upon the information of another. It does not state that such other person shall necessarily have a financial interest in the matter, or an interest of such a nature as characterizes one as a party in interest in ordinary litigation, and we think it manifest that it was intended that a matter of this kind can be brought before the court upon the information of any individual, and particularly of one who sustains such an important relation to the court as that of an attorney and officer thereof. It is a common rule for such proceedings to be instituted, as provided by our statute, namely, of the court's own motion, or upon the information of others. 4 Cyc. 913. Cases there cited show that the proceedings are frequently instituted by bar associations and attorneys. In the case of *Fairfield County Bar v. Taylor*, 60 Conn. 11, 22 Atl. 441, 13 L. R. A. 767, the court said:

"At the commencement of the hearing the committee who had made the charges proposed to offer evidence of their appointment as a committee of the Bar, and for that purpose had the records of the Bar in court, and so stated. The court ruled that such evidence was not required, but that the court would recognize the persons named, they being known to the court as members of the Bar, as proper persons to prefer the charges and to present the matter therein contained to the

court. This ruling was objected to, and is the first reason of appeal. There is no force to the objection. While it would have been well enough, perhaps, to have received that record, it would have been wholly without significance. It was the duty of the attorneys, if they knew of unprofessional conduct by the appellant or any other attorney, to bring it to the attention of the court. An appointment by the Bar to do that which it was their duty to do without any appointment could give them no added authority. Nor was any such appointment necessary to give the court jurisdiction. The court might summon the appellant to a hearing upon any information it had that it deemed worthy of credit, whether it came from lawyers or laymen."

The above-stated rule is both reasonable and wholesome, and is undoubtedly comprehended by our own statute. It was not even held in the case of *In Re Ault's Disbarment*, *supra*, that the petitioner there could not have instituted the inquiry by bringing the matter before the court, but only that it was not the aggrieved party and could not appeal. No such question is now here.

It is further contended that it was error to overrule the demurrer, for the following reasons: It is said it was treated as a demurrer to the separate specifications of the charges, that the latter were treated as separate causes of action, and that certain specifications amounted to charges of barratry within the statute. Laws 1903, page 68. It is urged that said statute is unconstitutional, and that the demurrer should have been sustained. In view of the whole case it seems to be unnecessary to discuss and pass upon the constitutionality of the barratry statute, a subject much discussed in the briefs. There are a number of specifications which in no sense relate to the barratry statute, and were therefore not challenged by the demurrer upon this ground. Evidence was introduced under these, and findings were made thereon. These we think, are themselves determinative of the appeal, and it is therefore immaterial what view the trial court may have entertained as to the constitutionality of the barratry statute.

We quote below from findings made by the court under specifications bearing the same numbers as the respective findings:

"Findings of fact as to specification '8.'

"That in making the solicitations referred to in findings of facts as to specifications '6' and '7' the said defendant, C. Victor Martin falsely and fraudulently represented to said Lucy F. Richardson that her attorney W. J. Canton, who was then representing her in said action, desired the said C. Victor Martin to assist the said Canton, and had requested him to assist him in defending the aforesaid action, the said Martin then and there well knowing that the said Canton had not made such a request, and did not desire him to assist in defending said action, such representations being made with the intent of inducing the said Lucy F. Richardson to employ him, the said Martin, to assist in defending her in said action."

"Findings of fact as to Specification '9'.

"Finds that on or about the 1st day of November, 1904, at Wilson Creek, Douglas county, Washington, the said C. Victor Martin, then and there being a duly admitted and practicing attorney, did personally solicit employment of one Lucy F. Richardson, to defend for her in the case of Richardson v. Richardson, hereinbefore referred to, and as an inducement to said Lucy F. Richardson to employ him in said action did represent to said Lucy F. Richardson that W. J. Canton, her attorney in said action, was grossly neglecting and had neglected his duty; that he was a drinking man, and that if he was allowed to continue to handle said case as her said attorney without the assistance of said C. Victor Martin, it would probably be three years before said case would be settled up, but if said Lucy F. Richardson would employ him, the said Martin, he would be able to get the suit settled up about December 15th, 1904, said representations being then and there made with the intent of inducing the said Lucy F. Richardson to employ him, the said Martin, in said case, he, the said Martin, then and there well knowing that the said representations were untrue, the facts being that the said Martin had been informed prior to said November 1st, 1904, that the decision had been rendered and was then being written by one of the judges of the supreme court, and that said opinion would probably be handed down about December 15,

1904, all of which said Martin fraudulently concealed from said Lucy F. Richardson.

"Findings of fact as to specification '11'.

"The court finds that he, the said C. Victor Martin, espoused the cause of said Lucy F. Richardson in the case of Richardson v. Richardson heretofore referred to, as her counselor and advisor therein, and assumed the relation of counselor in the case of Lucy F. Richardson, while he was judge of the superior court in which the case was then pending; that the defendant while acting as such judge of the superior court, while the case of Richardson v. Richardson was still undisposed of, while still pending before him, and while the property rights of the parties were still unsettled by him in said superior court, the property not having been divided between plaintiff and defendant, and no specified amount having been allowed to said Lucy F. Richardson, attempted to borrow five thousand dollars from said Lucy F. Richardson out of the prospective proceeds of that case,— out of the prospective award which he as judge of said court would make to her in that case."

"Findings of fact as to specification '13'.

"Finds that C. Victor Martin, then and there being a duly admitted and practicing attorney at law in the state of Washington, in a civil action pending in the superior court of the state of Washington, in the county of Chelan, entitled Mottler et al v. Cooke et al. did in said case appear for and represent the plaintiff and certain of the defendants therein, and did receive fees of the plaintiff and said defendants, the interests of the said plaintiffs and the defendants represented by the said Martin then and there being adverse and conflicting as shown by the records introduced in evidence in this case."

"Findings of fact as to specification '20'

"Finds that C. Victor Martin a duly admitted and practicing attorney of the state of Washington, in a case entitled Marrs v. Marrs now pending in the superior court of the state of Washington in and for Chelan county, previous to the trial of said case in court negotiated or assisted in negotiating and in perfecting a settlement of property rights between the plaintiff and the defendant; that he went into court with his pleadings and failed to allege or inform the court

then trying the case that any such settlement had taken place; that the fact that such settlement had taken place was discovered by the court through means other than those furnished by the defendant in this proceeding; that the plaintiff and defendant in that case were living together under the same roof up to the time of the trial of said case; that the defendant Marrs sent the plaintiff Marrs, to the said Martin to retain him as her attorney, and that she did at the suggestion of her husband retain him, the said Martin, as her attorney to bring said divorce suit for her; that on the same day the complaint in said action was verified, the defendant in said suit deposited with said Martin the sum of four hundred ten and 80-100 dollars, in payment of the settlement with the plaintiff, Mrs. Marrs, the attorney fee of said Martin therein and the costs of the said suit."

The above findings we think are sustained by the evidence. It is true the evidence is not without conflict, but we should not feel justified, in view of all the evidence before us, in disturbing the findings. It will be seen that the quoted findings involve the appellant's conduct as an attorney, without regard to any provision of the barratry statute. Where in some instances the facts were connected with the solicitation of business, the prevention of which seems to have been the purpose of the statute, still there was other conduct connected therewith which was inexcusable from the standpoint of an attorney. Our statute, Bal. Code, § 4775, subd. 2 (P. C. § 3197), is comprehensive in what shall be ground for removal or suspension of an attorney in the following words: "and any violation of the oath taken by him, or of his duties as such attorney and counselor." The above comprehends all acts of the attorney when acting as such which involve the honesty and reliability of his conduct toward clients and others. Within any proper measure of an attorney's character and duties, appellant's conduct must be held to have been inexcusable, as set forth in the above findings. All the acts specified in the findings above relate to appellant's conduct when assuming, or seeking, to act as an attorney, except those set forth in

No. 11.   Those occurred while he was judge of the superior court.   It seems to have been conceded that appellant's acts as judge could not be examined in this proceeding, but the acts specified in the said finding not only reached to appellant's conduct as a judge, but they also involved him as a man. Such a conception of the moral responsibilities and proprieties, and such a manifestation attending the conduct of a lawyer when acting as judge cannot well be divorced from the man himself, when his character and acts as a lawyer are under investigation.   We think the findings we have here considered are sufficient to sustain the judgment of suspension.

There are a number of other findings relating to the solicitation of business on the part of the appellant which may or may not involve the barratry statute directly.   We have eliminated them from this discussion, for the reason that the findings quoted are sufficient to dispose of the appeal, and as they do not necessarily involve the barratry statute it is unnecessary to examine the constitutionality of that law.   The determination of that question is of such importance that it should not be discussed and passed upon except in a case where it becomes necessary to do so in order to determine actual rights.

Appellant contends that the court erred in taxing the costs against him.   We find no express legislation in this state authorizing the taxation of costs against either party in disbarment proceedings.

"In the absence of express legislation, no costs or disbursements can be recovered by either party, except where the court finds that such proceedings have been instituted in bad faith, when it may order costs against the party who instituted them." 4 Cyc. 917.

In support of the above text the following cases are cited as supporting the taxation of costs by reason of statutory authority, viz: *In re Kirby*, 10 S. D. 416, 73 N. W. 908, and *In re Wakefield and Wise*, 11 Hawaii 188.   Respondents cite

the additional case of *Ex Parte Ditchburn*, 32 Ore. 538, 52 Pac. 694. That was a disbarment proceeding instituted by the attorney general in the supreme court, and the order was that the state should recover its costs. The opinion does not disclose what statutory authority there may have been for the recovery of costs, and no question appears to have been raised as to want of authority. The above texts from Cyc. also cites the following cases, which hold that costs are not recoverable in disbarment proceedings, in the absence of an express statute upon the subject. *Morton v. Watson*, 60 Neb. 672, 84 N. W. 91; *In re Eaton*, 7 N. D. 269, 74 N. W. 870. To the same effect is *Turner v. Commonwealth*, 2 Met. (Ky.) 619. The above cases are all that are cited on this subject by either party to this appeal, and we are satisfied that it is the correct rule not to tax costs against either party in a disbarment proceeding, in the absence of express statutory direction. Such a rule, we believe, is wholesome, and will tend to prevent the hasty and ill-considered initiation of disbarment proceedings, which may not be prompted altogether by a desire to serve the public good. Such proceedings should be prompted by the sole and pure desire to serve the public good, and not for the purpose of serving any private end. One is more apt to be controlled by a pure spirit of regard for the public welfare, if there is no prospective compensation in the way of recovery of costs. In the case of *In re Eaton, supra* the court said:

"In theory, the attorney who prosecutes acts as impartially and disinterestedly as the judge who presides in such a proceeding; and both act wholly for a public object, and that object is the purification of the bar and the protection of the court and the public from the evil consequences sure to result from allowing an unworthy person to exercise the official functions of an attorney-at-law. The legislature, whether wisely or not, has not seen fit to provide in this statute for the recovery of either costs or disbursements by either side; . . . In brief, our conclusion is that, on account of the anomalous and wholly unique character of a disbarment pro-

ceeding, costs should not be awarded to either party in the proceeding, in the absence of express legislative authority."

It is also true that one is less apt to be discouraged from making proper disclosures as to the conduct of an attorney if he knows he is not chargeable with costs. In *Morton v. Watson, supra,* the court pertinently remarked:

"The parties who signed the information upon which this proceeding was based were not plaintiffs in a case. On the contrary, they were more nearly friends of the court, their action having been evidently actuated by a desire to assist it in an inquiry into the conduct of one of the members of its bar. To designate them as parties to an action, whereby they might be mulcted in costs, should the charges preferred be not sustained, would strongly tend to discourage disclosures of wrongful conduct upon the part of members of the legal profession; and would, therefore, be against sound public policy. At law, costs are the mere creatures of statutes. As there is no law specially providing for taxation of costs in proceedings of this nature, and as the awarding of costs depends upon statute, the lower court was without power to tax them against these informers, who, in the sense employed by the Code, were no parties to the proceedings."

We, therefore, conclude that costs in the trial court are not taxable against either party, and that it was such error to tax costs against appellant as calls for relief on appeal. Many witnesses were in attendance, and the costs were necessarily heavy. Appellant was required to appeal to this court to get relief from the erroneous judgment. Being aggrieved by such judgment, he had the clear right of appeal, and the costs thereof must be governed by the appeal statutes. The relief accorded him here is of such a substantial character as entitles him to recover his costs on appeal. Such costs should not, however, be charged against the relators, but against the state on whose relation, in whose behalf, and for whose benefit alone the relators acted, and at whose instance the erroneous judgment was entered.

The judgment is in all respects affirmed, except as to the recovery of costs below. The cause is therefore remanded

with instructions to modify the judgment in that particular, to the effect that neither party shall recover costs. In taxing appellant's costs in this court the costs ordinarily recoverable on appeal shall be taxed in his favor against the state.

MOUNT, C. J., FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.