## In re WATT & DOHAN.

### (Circuit Court, E. D. Pennsylvania. June 11, 1907.)

### No. 34.

ATTORNEY AND CLIENT—DISBARMENT PROCEEDINGS—COSTS.

A disbarment proceeding instituted by a committee of a bar association is not an action or suit in the ordinary sense, and, in the absence of statutory authority therefor, costs cannot be taxed against the petitioners therein in favor of the respondents.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 76.]

On Appeal from Taxation of Costs.

D. Webster Dougherty, for appellants.

A. H. Wintersteen and Frank P. Prichard, for appellee.

J. B. McPHERSON, District Judge. The appellants were suspended indefinitely from practice before the Court of Appeals of the Second Circuit, and, in consequence of such suspension, the committee of censors of the Philadelphia Bar Association petitioned the Circuit Court, of whose bar they are members, to take similar action. For reasons that will appear in the opinion reported in 149 Fed., at page 1009, the petition was refused, and thereupon the respondents moved the clerk to tax their costs against the committee by whom the petition was presented. The clerk declined, and filed the following memorandum in support of his refusal:

"On Thursday, May 23d, upon notice, the clerk was attended at his office by Messrs. Wintersteen and Prichard, representing the committee of censors, and Mr. James M. Dohan, representing George W. Watt and himself, for the purpose of taxing the respondents' bill of costs in the above-entitled cause. At this time no bill had been actually filed, but it was stated that the bill would be filed that day, and would contain items 3 and 4 contained in the bill of costs hereto attached. The bill was finally filed on May 28th by Mr. Dohan in person, and contained four items, items 1 and 2 having been added since the meeting of May 23d, but Mr. Dohan stated that due notice of their addition had been given to counsel for the committee of censors. It was contended on behalf of the respondents that this proceeding was in the nature of an equitable proceeding, and that respondents were entitled to have their costs taxed in accordance with the equity fee bill. Counsel for the committee of censors objected to the taxation of any costs upon the ground that this proceeding was not an ordinary cause between adverse parties, but was a disciplinary proceeding brought by the proper officers of the law association of this bar against two of its members, and that, in the absence of special direction by the court, costs should not be imposed by the clerk.

"Items 3 and 4 of the bill would undoubtedly be taxable in an ordinary suit upon final hearing. The costs of preparing answer would also be taxable under the practice in this court. As no printed answer appears of record, this item would be disallowed; so, also, would item No. 1, as there appears to be no evidence of record.

"In view of the nature of this proceeding, however, and in view of the fact that the opinion of the court and the order entered thereon make no provision for costs, the clerk is of the opinion that he has no power to tax costs in favor of the respondents in this cause, and the entire bill of costs is accordingly disallowed."

"Respondents' Bill of Costs.

| | |
|---|---|
| 1. Stenographer's fee | $ 5 00 |
| 2. Printing papers and preparing answer | 25 60 |
| 3. Affidavit to answer | 50 |
| 4. Attorney's fee | 20 00 |
| | $ 51 10" |

With this decision of the clerk I fully agree. In the absence of a statute giving costs in such cases, the general rule is that none can be recovered by either party, except, perhaps, where the court finds that the proceedings have been instituted in bad faith, when it may adjudge costs against the petitioner. The reason of this rule is well stated by Chief Justice Norval of the Supreme Court of Nebraska in Morton v. Watson, 60 Neb. 674, 84 N. W. 91:

"A proceeding of this nature is neither in its form or substance a civil or a criminal action. It partakes of the nature of neither. A disbarment proceeding is not an action within the meaning of that term as employed in the Code. The parties who signed the information upon which this proceeding was based were not plaintiffs in a case. On the contrary, they were more nearly friends of the court, their action having been evidently actuated by a desire to assist it in an inquiry into the conduct of one of the members of its bar. To designate them as parties to an action, whereby they might be mulcted in costs, should the charges preferred be not sustained, would strongly tend to discourage disclosures of wrongful conduct upon the part of members of the legal profession, and would therefore be against sound public policy. At law, costs are the mere creatures of statutes. As there is no law specially providing for taxation of costs in proceedings of this nature, and as the awarding of costs depends upon statute, the lower court was without power to tax them against these informers, who, in the sense employed by the Code, were no parties to the proceedings."

There is an apparent decision to the contrary in State v. Kemp, 82 Mo. 213. Other cases on the general subject are Turner v. Com., 2 Metc. (Ky.) 619; State v. Tracy, 115 Iowa, 71, 87 N. W. 727; In re Eaton, 7 N. D. 269, 74 N. W. 870; In re Kirby, 10 S. D. 416, 73 N. W. 908. See, also, 4 Cyc. 917. If the proceedings have been instituted in bad faith, it has been held that costs may be adjudged against the petitioner (In re Kelly, 59 N. Y. 595), but there is not the slightest evidence of bad faith in the present case on the part of the committee of censors. On the contrary, they seem to have acted reluctantly, and only because they were impelled by a sense of public and professional duty.

The appeal is dismissed.