[Civ. No. 691.    Second Appellate District.—October 2, 1909.]

JOHN BAIRD, Respondent, v. JUSTICE'S COURT OF RIVERSIDE TOWNSHIP, County of Riverside, THOMAS B. STEPHENSON, Justice of the Peace, Appellant.

ATTORNEYS AT LAW—POWER OF REMOVAL AND SUSPENSION—JUSTICE'S COURT WITHOUT JURISDICTION.—Section 287 of the Code of Civil Procedure designates the courts having power to remove or suspend attorneys, and the causes for which such removal or suspension may be made. A justice's court is not a court which has jurisdiction under that section to remove or suspend an attorney.

ID.—PRACTICING LAW BY ATTORNEY OCCUPYING JUDICIAL POSITION—GROUND FOR SUSPENSION OR REMOVAL.—The practicing of law by an attorney while occupying a judicial position is not ground for suspension or removal under section 287 of the Code of Civil Procedure.

ID.—REMEDY FOR MISCONDUCT.—If, as matter of fact, a police judge, who is an attorney at law, violated the law by practicing his profession, while holding that judicial office, before a justice's court, his offense is that of a judicial officer, and not that of an attorney; and if he subjected himself to any penalty by reason of misconduct, the punishment therefor is provided by section 758 of the Penal Code.

ID.—JURISDICTION OF COURTS TO DISCIPLINE LAWYERS—EXCLUSIVE REMEDY FOR MISCONDUCT.—Courts which have inherent power to discipline lawyers are confined in its exercise to such acts exhibiting turpitude or loss of that good character which was essential to admission in the first instance. When misconduct is made a statutory ground for removal from office for transgression as a judicial officer, the same, in the absence of expressions to the contrary, must be deemed exclusive.

ID.—CERTIORARI—PETITION MUST BE MADE BY PARTY BENEFICIALLY INTERESTED—CLIENT NOT AGGRIEVED.—The writ of *certiorari* to annul the order of the justice's court, striking the name of the police judge as an attorney from its files, must be made by the party beneficially interested. The client is not such a party, when his answer was oral, not requiring the signature of an attorney, and the cause remained fully at issue notwithstanding such order, and it does not appear how it could affect his substantial rights. His right to be represented by counsel does not imply his right to be represented by a particular person.

ID.—REMEDY OF CLIENT BY APPEAL.—If the order complained of should affect a judgment rendered against the client in the action he has a remedy by appeal to the superior court; and the writ of *certiorari* will not lie when the matter complained of may be corrected by appeal.

ID.—HARMLESS ERROR OF SUPERIOR COURT IN VACATING VOID ORDER.— The order of the justice's court suspending the power of the attorney at law to act for his client, and disbarring him from practice in that court, is so obviously without authority, and so foreign to the jurisdiction of the justice of the peace, that its void character is apparent on its face; and the order of the superior court vacating such void order, on the petition of the client, though erroneous, could not prejudice the rights of anyone.

ID.—DUTY OF APPELLATE COURT TO DISREGARD HARMLESS ERROR— AFFIRMANCE OF JUDGMENT.—Under section 475 of the Code of Civil Procedure, it is the duty of an appellate court to disregard any error not affecting the substantial rights of the parties, and not to reverse a judgment by reason of any error not appearing from the record to be prejudicial, and which does not cause any substantial injury to the appellant. No prejudicial error being apparent, the judgment must be affirmed.

APPEAL from a judgment of the Superior Court of Riverside County. Benjamin F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

Lafayette Gill, for Appellant.

Miguel Estudillo, and Geo. A. French, for Respondent.

ALLEN, P. J.—This is a proceeding wherein the court below gave judgment annulling the following order made and entered by appellant justice in an action pending in said justice's court wherein petitioner was defendant: "It is ordered that Police Judge George A. French be disbarred from practicing law in the Justice Court of Riverside Township, so long as he shall remain Police Judge of said city, and his name is hereby stricken from the files in this case." The application for the writ was made by the defendant to the action in which the order was made, the attorney, French, not being a party thereto. It is conceded, however, that French was at all times mentioned in the proceedings a practicing attorney, having been duly admitted to practice in all.

the courts of the state, and had been retained by petitioner and had appeared in said action in petitioner's behalf.

Counsel for the respective parties have discussed at length in very interesting and instructive briefs the effect which should be given section 171, Code of Civil Procedure, which in terms prohibits a justice of the peace from practicing law before another justice of the peace of the same county; respondent's contention being that the section is not applicable to a police judge appointed in a city, even though his jurisdiction within such city is concurrent with that of the justice of the peace, while appellant contends that under the charter of the city of Riverside a police judge is a justice of the peace when performing the functions of that office; that the character of a court is determined, not by its name, but by the nature of its jurisdiction and functions; that in the enactment of section 171 the legislature intended to prohibit those performing the functions of a justice of the peace from engaging in such practice of law. In view of the conclusions hereinafter expressed, we do not consider it necessary to discuss or determine the above-mentioned controversy.

Section 287, Code of Civil Procedure, designates the courts having power to remove or suspend attorneys, and the causes for which such removal or suspension may be made. A justice of the peace is not a court which, under that section, has power to remove or suspend an attorney, and the practicing of law by one occupying a judicial position is not one of the causes for removal or suspension. If, as a matter of fact, French violated the law by thus engaging in the practice of his profession before a justice of the peace, when at the same time he was occupying a judicial position, his offense is that of a judicial officer and not that of an attorney (*In re Silkman,* 88 App. Div. 102, [84 N. Y. Supp. 1027]); and if he subjected himself to any penalty by reason of misconduct, the punishment therefor is provided by section 758, Penal Code. As said in the case last cited: Courts which have inherent power to discipline lawyers are confined in its exercise to such acts exhibiting turpitude, or loss of that good character which was essential to admission in the first instance, and when misconduct is made by statute ground for removal from office for transgression as a judicial officer, the same, in the absence of expressions to the

contrary, must be deemed exclusive. Conceding want of jurisdiction on the part of the justice to make the order complained of, the question as to the power of petitioner to invoke the writ of *certiorari* for its annulment then presents itself. Section 1069, Code of Civil Procedure, with reference to the writ of *certiorari*, provides: The application must be made upon a verified petition of the party beneficially interested. Is the petitioner herein shown to be such party? That part of the order complained of, purporting to strike the name of French from the file, could in no wise prejudice petitioner. The answer, being the only instrument which could be affected by the order, was an oral one requiring no signature by an attorney, and eliminating his name therefrom, it still remains as a complete answer to the complaint, and the cause was as much at issue as if French's name appeared as attorney. Aside from the fact that the order of a justice of the peace disbarring an attorney is so obviously without authority, so foreign to any jurisdiction or power reposed in a justice of the peace, its void character is made apparent upon its face, and for that reason could scarcely be said to work injury or affect the rights of anyone. Petitioner does not show how such order could affect his substantial rights, or any judgment which might be rendered in the action. That petitioner has the right to be represented by counsel does not imply that he has the right to be represented by any particular person. The attempt at disbarring French could only affect petitioner in that while the justice of the peace persisted in his effort to prevent French from practicing law before him he could not have the benefit of French's services. It may be that French does not care to interest himself further in petitioner's defense, or, perchance, the plaintiff in the action may discontinue the same before trial and the services of an attorney will no longer be required; in either of which events, the order could not remotely affect petitioner. Upon the other hand, if this order in anywise affects a judgment thereafter rendered against petitioner in the action, he possesses the right, under section 974, Code of Civil Procedure, to appeal upon questions of law; and by section 980 the superior court, upon such appeal, may review all orders affecting the judgment appealed from. *Certiorari* will not lie when the matter complained of can be corrected on appeal. (*Stoddard* v. *Su-*

*perior Court,* 108 Cal. 303, [41 Pac. 278] ; *Southern Cal. Ry. Co.* v. *Superior Court,* 127 Cal. 422, [59 Pac. 789].)

While it appears from what is here said that, in the opinion of this court, the superior court erred in its judgment vacating the order, yet it is apparent that the order thus vacated has no efficacy and is a nullity, void upon its face, and an order of the court vacating an order of such character, even if erroneous, could not prejudice the rights of anyone. Section 475, Code of Civil Procedure, charges an appellate court in every stage of the action to disregard any error which, in the opinion of the court, does not affect the substantial rights of the parties, and that no judgment shall be reversed by reason of any error unless it shall appear from the record that such error was prejudicial, and that the party complaining or appealing sustained and suffered substantial injury. Prejudicial error not being apparent, an order will be entered affirming the judgment.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.