[Civil No. 1631. Filed April 16, 1919.]

[179 Pac. 963.]

FRANCISCO VILLESCAS and FLORENCIA LUJAN DE VILLESCAS, Appellants, v. THE ARIZONA COPPER COMPANY, LIMITED, a Corporation, Appellee.

1. ADVERSE POSSESSION—OCCUPANCY OF LAND AS HOME—CULTIVATION OF LAND—TITLE ACQUIRED.—Actual occupation of land by husband and wife as a home for more than ten years, where they cultivated the land, paid taxes upon the buildings located thereon during two years, and where such possession was exclusive, notorious, continuous and under claim of right, gave them full title thereto by adverse possession, under Civil Code of Arizona of 1913, paragraphs 698, 702.

2. HUSBAND AND WIFE—COMMUNITY PROPERTY—ADVERSE POSSESSION.—Property to which title is acquired by adverse possession by husband and wife is community property.

3. EJECTMENT—TITLE — JUDGMENT—EFFECT — EXECUTION.—Where no execution issued on judgment in ejectment, no title can be based thereon.

4. UNITED STATES—EXECUTION—GOVERNMENTAL JUDGMENTS IN FAVOR OF UNITED STATES.—Civil Code of Arizona of 1913, paragraph 1353, providing that no execution shall be issued upon any judgment after the expiration of five years from the date of its rendition and entry, unless such judgment be revived, does not apply to judgment in favor of the United States in its governmental capacity, since federal statutes control in the matter of satisfying purely governmental judgments.

5. HUSBAND AND WIFE—COMMUNITY PROPERTY—HUSBAND'S DEBTS—TORTS.—Community property may be levied on and sold under exe-

cution to satisfy judgment against husband recovered upon a fine assessed against him in a criminal action.

[As to title being claimed by adverse possession by husband and wife, see note in 18 **Am. St. Rep.** 113–115.]

APPEAL from a judgment of the Superior Court of the county of Greenlee.   F. B. Laine, Judge.   Affirmed.

### STATEMENT OF FACTS BY THE COURT.

This action was tried upon an agreed statement of facts, prepared, certified and filed as permitted by paragraph 510, Revised Statutes of Arizona of 1913.   The action is an action in the nature of an action in ejectment by the grantee of the purchaser at execution sale of the interest and estate of the execution defendant, Villescas, in and to a certain portion of the Chase Creek No. 2 patented mine, situate at the town of Metcalf, in Greenlee county, Arizona, and against the execution defendant, Francisco Villescas, and his wife and their lessees.   On the statement of the facts, the trial court rendered judgment for the plaintiff, and the principal defendants, Villescas and his wife, appeal.   Further facts appear in the opinion.

Mr. A. A. Worsley, for Appellants.

Mr. Ernest W. Lewis and Mr. H. A. Elliott, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above). The title asserted by the plaintiff is, first, a United States mineral patent granting to it the Chase Creek No. 2 Lodge mining claim.   The date of the patent is November 16, 1898. Also, the plaintiff asserts that all of the right, title, claim, interest and estate of the principal defendants was sold by the marshal of the district of Arizona on execution on the twelfth day of May, 1915, to one J. C. Gatti, and that on the seventeenth day of December, 1915, the said marshal duly made, executed and delivered his deed to said J. C. Gatti, purchaser at said sale, conveying said property to said Gatti; that thereafter, on the fourth day of April, 1916, the said purchaser, J. C. Gatti, and his wife, duly conveyed, by their deed, the said property to the plaintiff, The Arizona Copper Company, Limited, the appellee.

The following agreed facts clearly show that Francisco Villescas and his wife acquired full title to the premises in question by adverse possession for ten years under the statute of limitations (paragraph 698, Rev. Stats. Ariz. 1913, by force of paragraph 2942, Rev. Stats. Ariz. 1901, as appears as paragraph 702, Rev. Stats. Ariz. 1913):

Section XIV of the agreed statement of facts on page 15, Abstract of Record, is as follows:

" . . . That since the said year 1882 said Francisco Villescas and his wife, Florencia Lujan de Villescas, have been in actual possession of said premises hereinafter described, have cultivated the same, have occupied the same as their home, and returned and paid taxes upon the buildings located upon said lands during two years. . . . That said possession and occupancy of said land hereinabove mentioned has been open, exclusive, notorious, continuous, and under the claim of right hereinbefore set forth, as against the plaintiff and all the world, from the year 1882 to the present time, and that the said defendants last mentioned have at all times exercised dominion over said lands hereinafter described, and have resided on it as their home. That since the issuance of patent the relation and possession of said defendants to said The Arizona Copper Company and said The Arizona Copper Company, Limited, has been hostile."

From these facts, but one conclusion can be reached, viz., that Francisco Villescas and his wife acquired full title to said premises on the sixteenth day of November, 1908 (paragraph 702, *supra*), and that such property so acquired became community property.

During the year 1911 an action in the nature of an action in ejectment was commenced by appellee, against Francisco Villescas, and prosecuted to judgment. No execution issued on the judgment so recovered. Consequently no title can be based thereon. This proceeding seems to have been introduced in the case for the purpose of affecting the matter of the statute of limitations. The action was commenced too late to interfere with the running of the statute, because the period of limitation was complete before the action was commenced.

The plaintiff-appellee further asserts a title acquired through a levy, sale and deed by the United States marshal for the district of Arizona, duly conveying the premises in question to J. C. Gatti, and by Gatti to plaintiff.

The appellants attacked such conveyance upon two grounds: First, because the execution which was levied upon the property was issued more than five years after the rendition of the judgment, consequently the judgment was dormant, and the execution issued thereon and all proceedings following such issuance were void, including the deed to Gatti. The judgment was rendered on the eighteenth day of November, 1909. On the fifth day of April, 1915, the execution was issued, and was, on the same date, duly levied upon the premises and improvements here involved as the property of Francisco Villescas. That on the twelfth day of May, 1915, after due notice given the marshal sold all of the estate of the judgment debtor, Francisco Villescas, in and to the property, to said Gatti, and issued to said purchaser a certificate of sale, reciting the facts required by law to be recited in such deeds, which certificate was duly recorded. That thereafter, on the seventeenth day of December, 1915, the marshal made his deed conveying said property to said purchaser.

Paragraph 1353, Revised Statutes of Arizona of 1913, is the basis for the defendants-appellants' objection to the execution, as void. That section is as follows:

"No execution shall be issued upon any judgment after the expiration of five years from the date of its rendition and entry, unless such judgment be revived. . . . "

The appellee meets this objection, contending that the judgment is one in favor of the United States in its governmental capacity, and that the federal statutes control the matter of satisfying purely governmental judgments; that paragraph 1353, *supra,* is a statute of limitation of the state, applying to persons, and that the government—national or state—is not bound by such statute of limitations unless expressly mentioned therein, and the United States government is not mentioned in such statute or bound thereby. The authorities support the appellee's contention. *Massingill* v. *Downs,* 7 How. 760, 12 L. Ed. 903; *United States* v. *Johnson,* 124 U. S. 238, 31 L. Ed. 389, 8 Sup. Ct. Rep. 446; *United States* v. *Noojin* (D. C.), 155 Fed. 377; affirmed, 164 Fed. 1023, 90 C. C. A. 668.

The appellants further contend that the property, being community property, cannot be levied upon and sold under execution to satisfy a judgment against the husband, when the judgment is based upon a fine assessed against the defend-

ant in a criminal action. The objection is stated by appellants in the following language:

"We further contend that community property may not be sold under execution to satisfy a fine imposed on the husband for the commission of a crime not committed in connection with the management of the community property."

"The community property of the husband and wife shall be liable for the community debts contracted by the husband during marriage, except in such cases as are specifically excepted by law." Paragraph 3854, Rev. Stats. Ariz. 1913.

This is the general rule recognized by the community law states. 21 Cyc. 1676, and cases cited in note 12; *Gibbons* v. *Goldsmith,* 222 Fed. 826, 138 C. C. A. 252; *Johns* v. *Clother,* 78 Wash. 602, 139 Pac. 755.

The other general rule, viz., "The community property is, in general, also liable for the husband's debts," is nearly as universal. 21 Cyc. 1676, and cases cited in note 13; *Johnson* v. *Garner* (D. C.), 233 Fed. 756; *Seabrook* v. *Bank* (Tex. Civ. App.), 171 S. W. 247; *Ochoa* v. *Edwards* (Tex. Civ. App.), 189 S. W. 1022. Washington state, having a peculiar proviso, found in section 2407 of its Code, has considered that the community property in that state is not liable to satisfy the husband's debts. See *Brotton* v. *Langert,* 1 Wash. 73, 23 Pac. 688. In the absence of some particular statute to the contrary, the general rule seems to have the support of reason, and to accord with the spirit of the community property system as adopted by statutes of Arizona.

The rule is one to protect the rights of creditors against secret contracts and agreements of the highly confidential relation of the spouses. Many equally convincing reasons for the rule may be mentioned, but it is sufficient to the support of the rule that it is just to the creditor and works no hardship on the community. Another rule may be, and possibly is, applicable whenever the question of the application of community assets is properly raised between the spouses in adjusting their separate rights and interests in the community assets. No such question is before us in this case, and the question cannot be raised in this kind of action between the grantee of the purchaser of the property and the judgment debtor for the possession of the property sold and conveyed in satisfaction of a debt. War. on Eject., § 246, p. 256;

*Crenshaw* v. *Julian*, 26 S. C. 283, 4 Am. St. Rep. 719, 2 S. E. 133; 15 Cyc. 67, citing cases, note 98.

The plaintiff's title, as proven, is certainly the stronger title, and authorized plaintiff's recovery.

The judgment is therefore affirmed.

ROSS and BAKER, JJ., concur.