## No. 9925.

THE PEOPLE, on the relation of THE COLORADO BAR ASSOCIATION *v.* CLASS.

Decided November 7, 1921.

Original proceedings in disbarment.   Demurrer sustained and rule to show cause dismissed.

1.  JUDGES—*Practicing Law While Holding Office—Disbarment.*   The appearance of a judge for one of the parties in an election contest before the legislature, is not in violation of section 248, R. S. 1908, prohibiting judges from practicing while in office. Such appearance does not constitute practicing law.

2.       *Instructing Grand Jury—Disbarment.*   The fact that a judge, acting for one of the parties to an election contest before the legislature, instructs a grand jury to investigate charges against the opposing party, concerning election expenditures, the instruction itself being proper and commendable, affords no ground for disbarment.

3,  ATTORNEYS—*Disbarment.*   It is the privilege, if not the duty, of every attorney to call to the attention of the supreme court

any act of a licensed attorney which may fairly be considered to disqualify him.

Mr. JAMES H. PERSHING, for petitioner.

Mr. WILLIAM H. GABBERT, Mr. EDWARD C. STIMSON, Mr. CHARLES E. SOUTHARD, for respondent.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE attorney general, in response to a petition by the State Bar Association, filed in this court an information against the respondent charging him with having violated the law by acting as an attorney for one Sweinhart in an election contest, before the general assembly, while said respondent was holding the office of judge of the district court of the First Judicial District; and, further, that he had shown himself unfit to hold a license to practice law, by reason of the fact that while he was acting for said Sweinhart, in said contest, he directed a grand jury to investigate the election expenditures of one Radinsky, the other party to the contest.

It is represented that the respondent, for the reasons above stated, should be disbarred and prohibited from practicing law in this state.

A rule against the respondent to show cause was issued, and, by way of return, he demurs to the information. The question before us, then, is, do the facts alleged, and admitted by the demurrer, call for the disbarment of the respondent?

The first charge is, that the respondent, by appearing as attorney in the election contest violated the law; and reference is made to Sections 248 and 249, Revised Statutes, 1908, as the basis of the charge.

Section 248, among other things, prohibits judges of the district court from counselling or advising in, or writing any petition or answer or other pleading in any proceeding, or performing any services as attorney or counsellor at law, or being interested in any profits or emoluments "aris-

ing out of any practice in any of said courts." The reference is to district and county courts.

Section 249 provides that a violation of the act shall be punished by a fine of not less than $20, nor more than $100.

It is unnecessary to consider all the questions raised in the brief of the eminent counsel who appear for the respondent. We agree with them upon the proposition that respondent's appearance for one of the parties in the election contest was not a violation of the statute in question; and this is true, though his name was signed as attorney for one of the parties. The statute clearly refers to practice of the law as it is generally understood; that is to say, to practice in courts. Any person, whether an attorney or not, may appear for a party to an election contest before the legislature. Such an appearance does not constitute practicing law.

The other charge concerns the action of respondent in instructing the grand jury.

From the exhibit attached to the information, it appears that about two weeks before the respondent's term of office as a district judge expired, he gave to the grand jury the instruction of which complaint is made. In the papers filed in the election contest, charges of corruption were made against certain election officials. The respondent instructed the grand jury that inquiry should be made as to the action of these officials, to the end that if the charges were well founded proper indictments might be returned. As a part of this instruction, the respondent directed the grand jury's attention to the fact that it was reported that the contesting party had spent money largely in excess of the amount to which he had made affidavit in his return to the Secretary of State. The grand jury was advised that this was a matter to be investigated.

No question is made that this last instruction would have been proper, except for the fact that the respondent was representing a party to the contest. That being the case, we cannot say that the giving of the instruction, which was proper and commendable aside from the relations of the

respondent to the contest, showed unfitness for the proper discharge of the duties of an attorney at law. At best it was a question of the propriety of the action under the circumstances. We do not see in the instruction itself anything which would have a direct bearing upon the contest; and cannot therefore hold that the instruction was given with a view to the benefit of the party whose interest the respondent was defending. Such being the case, it affords no ground for disbarment.

We cannot close this matter without announcing our disagreement with the criticism, made by counsel for respondent, of the action of the State Bar Association in presenting this petition. It is the privilege, if not the duty, of every attorney to call to the attention of this court any act of a licensed attorney which may fairly be considered to disqualify him. Calling attention to breaches of professional duty should be encouraged, rather than denounced, and it is only by the exercise of constant vigilance on the part of the members of the bar that the profession may be kept up to that high standard which should characterize it.

For the reasons above stated, the demurrer is sustained, and the rule to show cause is dismissed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON not participating.