[Civil No. 2779.   Filed January 27, 1930.]

[284 Pac. 521.]

In the Matter of the Disbarment of E. L. SPRIGGS, an Attorney of This Court.

Mr. K. Berry Peterson, Attorney General, and Mr. Riney B. Salmon, Assistant Attorney General, for Petitioner.

Mr. Luther P. Spalding, for Respondent.

PER CURIAM.—John W. Murphy, as Attorney General of the state of Arizona, filed an original proceeding in this court asking for the disbarment of E. L. Spriggs, hereinafter called respondent, at that time and now a member of the bar of this court.

The grounds upon which disbarment was asked are set up in the petition substantially as follows: In January, 1923, respondent was the attorney for the San Francisco Securities Corporation, a corporation, and secured a judgment in its favor against R. D. Lamoreaux and G. A. Peck, which was duly docketed in the office of the clerk of the superior court of Graham county on the 25th of January, 1923. Some years thereafter, respondent was elected judge of the superior court of Graham county, and duly qualified and entered upon his duties as such. During the month of February, 1928, and while respondent was judge of said court, he caused a certain affidavit for a renewal of the judgment above referred to to be prepared and presented it to the deputy clerk of the superior court for filing, instructing her to antedate

the filing mark on said affidavit so as to show it as filed on January 14th, 1928; and, believing it to be her duty to obey respondent as judge of the superior court of such county, she did so antedate the filing mark on such affidavit, and filed it.

Under the law of Arizona, if an affidavit for a renewal of a judgment is not filed within five years from the date of its original rendition, or an action brought on the judgment in that time, no execution can be issued thereon and the statute of limitations has run against the judgment itself. Paragraph 1353, Rev. Stats. Ariz. (Civ. Code) 1913; paragraph 716, Rev. Stats. Ariz. 1913; *Villescas* v. *Ariz. Copper Co.,* 20 Ariz. 268, 179 Pac. 963. The effect of the alleged antedating would therefore be to show a judgment as renewed which, as a matter of fact, was outlawed and beyond renewal. *McBride* v. *McDonald,* 25 Ariz. 207, 215 Pac. 166.

Respondent demurred to the petition, setting up two grounds of demurrer. The first was that chapter 32, Session Laws of Arizona of 1925, on which it was alleged the petition for disbarment was based, is unconstitutional. The second was that respondent was at the time of the alleged misconduct the duly elected, qualified, and acting judge of the superior court of Graham county, and therefore was not at the time a practicing attorney of this court, and not subject to disbarment for any acts performed in his capacity as judge.

While it is true the petition states that the alleged acts of respondent are a ground for disbarment under the provision of chapter 32, *supra,* we need not consider whether or not the act is constitutional in a proceeding of this nature. We have held in the case of *In re Bailey,* 30 Ariz. 407, 248 Pac. 29, that when a petition is filed asking for the disbarment of an attorney, if the acts charged therein are of such a nature that in the opinion of this court the respond-

ent is unfit to continue as a practitioner, it has inherent power to disbar the offender, regardless of the form of the petition and of whether it attempts to set up statutory grounds of disbarment or not. The particular act charged in substance is that respondent caused the official records of the court over which he presided to be falsified for the purpose of illegally benefiting a former client of his. That such conduct, if true, involves moral turpitude in the highest degree is obvious. Falsification of the records of the court, even by an attorney, has always been considered ample ground for disbarment as an act showing general unfitness morally to continue in the practice. *Ex parte Brown,* 1 How. (Miss.) 303; *Ex parte St. Rayner,* (Or.) 70 Pac. 537; 6 C. J. 598, and note. If, therefore, it be done under the direction of the very one who is charged with the duty of protecting those records, the offense is, if possible, magnified. It is therefore immaterial whether chapter 32, *supra,* be constitutional or not. The charge, if true, is such that under its inherent power this court is not only justified in acting, but under the duty of acting, regardless of the particular form which the petition may assume, so long as respondent is given full opportunity to be heard thereon. *In re Bailey, supra.*

The second ground of demurrer presents a more serious question. It is urged that since respondent at the time of the alleged act was judge of the superior court, and by article 6, section 12, of the Constitution of Arizona prohibited from practicing law during his continuance in office, he is not subject to disbarment for anything done during that period, but is amenable only to the provisions of the Constitution providing for the impeachment or recall of delinquent public officers. The theory of respondent apparently is that under article 6, section 13, of the Constitution, a judge of the superior court must be a member of the bar; and it was argued that a disbar-

ment of the offender would work a removal from office by mandate of the court instead of in the method set forth in the Constitution, and that such was not within the inherent power of the court. In support of this argument, respondent cites the following cases: *In re Silkman,* 88 App. Div. 102, 84 N. Y. Supp. 1025; *Baird* v. *Justice's Court,* 11 Cal. App. 439, 105 Pac. 259; *State Bar* v. *Superior Court,* 207 Cal. 323, 278 Pac. 432.

In the case at bar, it is not necessary to determine whether disbarment would automatically have such an effect or not, for we take judicial notice of the fact that respondent is no longer judge of the superior court; but regardless of the question as to whether it would or would not, if he were still such judge, affect his tenure of office, the decided weight of authority is to the effect that when a judge is guilty of conduct which in an attorney would be ground for disbarment, his judicial position does not protect him from such a proceeding. In the case of *In re Stolen,* 193 Wis. 602, 55 A. L. R. 1355, 214 N. W. 379, 382, the court says:

"One of the requisite qualifications for one who holds the office of an attorney at law is that he or she shall be of good moral character, in so far as it relates to the discharge of the duties and responsibilities of an attorney at law. This is a continuing qualification. It is a qualification necessary to entitle one to admission to the bar, and the loss of such qualification requires his suspension. The respondent is a member of the bar of this court. The charges preferred against him challenge his moral integrity. Just as it was the duty of this court to refuse him admission in the first instance upon a showing that he lacked the necessary moral qualifications, so is it its duty now to remove him upon like proof. *In re O.,* 73 Wis. 619, 42 N. W. 221; *In re Richter,* 187 Wis. 490, 41 A. L. R. 485, 204 N. W. 492. The fact that he may be judge of the superior court, or that he may hold any other office, does not

affect the duty or power of the court. He cannot take unto himself any office or position, or shroud himself in any garb, which will place him beyond the power of this court to keep its roster of attorneys clean. With the effect that will have upon his official station this court is not concerned. Its present concern is only that the act complained of discloses a lack of moral character constituting a continuing qualification to entitle him to remain a member of the bar of this court. If his suspension or removal as a member of the bar results in his disqualification for some other office, that effect is but incidental, and is due to the provisions of the law which make his office as an attorney at law a requisite qualification for such other office."

In the case of *In re Burton,* 67 Utah 118, 246 Pac. 188, the same contention was made as by the respondent herein, and the court after reviewing the cases held that his position did not relieve him from disbarment proceedings, even though he at the time held a judicial position, but expressly stated that the court dealt only with his status or relation as attorney and in no sense with his judicial position. The same rule has been upheld in the following cases: *State* v. *Martin,* 45 Wash. 76, 87 Pac. 1054; *In re Breen,* 30 Nev. 164, 17 L. R. A. (N. S.) 571, 93 Pac. 997; *State* v. *Peck,* 88 Conn. 447, Ann. Cas. 1917B 227, L. R. A. 1915A 663, 91 Atl. 274; *In re Hobbs,* 75 N. H. 285, 73 Atl. 303; *People* v. *Phipps,* 261 Ill. 576, 104 N. E. 144, and inferentially, though not directly, in *People* v. *Class,* 70 Colo. 381, 201 Pac. 883.

We hold, therefore, that where a judicial officer who is a member of the bar of this court commits an act while he is such judicial officer which in the ordinary attorney would be ground for disbarment, his office affords him no protection from such proceedings—leaving expressly undecided the question of the effect of such disbarment upon his official position.

We come, then, to the question of whether or not the evidence shows the respondent to be guilty of the act charged. It is with extreme reluctance that we take upon ourselves the duty of triers of fact of. this issue. We appreciate the momentous effect of our decision upon respondent. As men, we sympathize with him; but as judges, we cannot allow our judgment to be influenced by any outside consideration. We are regretfully but unanimously of the opinion the record shows that respondent did while judge of the superior court wilfully and knowingly cause to be falsified the records of his court, as charged in the petition for disbarment. Such being the case, and the offense being of the gravity which it is, we have no option as to our course.

The order of the court is that the name of E. L. Spriggs be stricken from the roll of attorneys of this court, and that he be permanently precluded from practicing as such attorney in all the courts of this state.

Judge A. G. McALISTER, deeming himself disqualified, Hon. DUDLEY W. WINDES, Judge of the Superior Court of Maricopa county, was called to sit in his stead.