337 P.2d 400

**Petition of BOARD OF COMMISSIONERS OF STATE BAR of New Mexico for Instructions.**

No. 6322.

Supreme Court of New Mexico.

March 23, 1959.

Benjamin M. Sherman, Deming, James T. Jennings, Roswell, W. A. Sloan, Albuquerque, Oliver Seth, Santa Fe, for petitioner.

Anthony J. Albert, Santa Fe, for respondent.

PER CURIAM.

This proceeding seeks the instruction of the court as to whether or not the Board of Bar Commissioners of the State of New Mexico and its Grievance or Disciplinary Committee have jurisdiction as to a complaint made against a district judge with respect to the judge's actions in rebuking a grand jury. Petitioner also seeks instruction as to other courses of action in the event the court rules that the committee does not have jurisdiction with respect to the first question propounded. Briefs have been submitted on the problem, both by the petitioner and the so-called respondent.

The matter here in issue does not involve any alleged dishonest, illegal or fraudulent act, nor is it one which relates to moral turpitude. If such were the case, it would be a matter upon which the board of bar commissioners, as an arm of the court, would be fully justified in holding a hearing and making such recommendation to the court with respect to an individual involved as might be warranted, whether he be an attorney at law in private practice or an attorney at law holding judicial office. Of course, any action taken with respect thereto could not as such affect the individual's capacity as a judge during his term of office, inasmuch as the constitution provides the only method for the removal of a judicial officer, N.M.Const. art. 4, § 36. Nevertheless, the court, upon proper recommendation of the board of bar commissioners, could hold subject to discipline such an individual,

even though he be a judge, insofar as his activities and standing as a member of the bar association are concerned. In re Spriggs, 1930, 36 Ariz. 262, 284 P. 521; Bar Ass'n of San Francisco v. Sullivan, 1921, 185 Cal. 621, 198 P. 7; In re McGarry, 1942, 380 Ill. 359, 44 N.E.2d 7; In re West, Mo. App.1941, 148 S.W.2d 67; In re Dellenbaugh, 1899, 17 Ohio Cir.Ct.R. 106, 9 Ohio Cir.Dec. 325, affirmed without opinion 62 Ohio St. 658, 58 N.E. 1098; In re Griffin, 1951, 80 Pa.Dist. & Co.R. 75, affirmed 371 Pa. 646, 92 A.2d 889; In re Burton, 1926, 67 Utah 118, 246 P. 188; State ex rel. Dill v. Martin, 1906, 45 Wash. 76, 87 P. 1054; In re Stolen, 1927, 193 Wis. 602, 214 N.W. 379, 216 N.W. 127, 55 A.L.R. 1355; State v. McCarthy, 1949, 255 Wis. 234, 38 N.W.2d 679; Annotation, 53 A.L.R.2d 305.

■ The case here does not in any sense come within the above category, the only action with which we are concerned being of the nature to have the possible effect of holding the court up to public scorn or bringing our judicial system into disrepute. This being a matter which might bring into play our authority of superintending control over inferior courts by reason of the provisions of N.M.Const. art. 6, § 3. However, any actions or proceedings under the supreme court's superintending control are for the court alone and are not a proper consideration for the bar commission as such.

With regard to the immediate problem, it might be well to specifically call to the attention of the parties interested the provisions of paragraphs 20 and 29 of the "Canons of Judicial Ethics" of the American Bar Association:

"20. Influence of Decisions Upon the Development of the Law.

"A judge should be mindful that his duty is the application of general law to particular instances, that ours is a government of law and not of men, and that he violates his duty as a minister of justice under such a system if he seeks to do what he may personally consider substantial justice in a particular case and disregards the general law as he knows it to be binding on him. Such action may become a precedent unsettling accepted principles and may have detrimental consequences beyond the immediate controversy. He should administer his office with a due regard to the integrity of the system of the law itself, remembering that he is not a depositary of arbitrary power, but a judge under the sanction of law."

"29. Self-Interest.

"A judge should abstain from performing or taking part in any judicial act in which his personal interests are involved. If he has personal litigation in the court of which he is judge, he need not resign his judgeship on that

account, but he should, of course, refrain from any judicial act in such a controversy."

 Although the canons, including the above, have not been adopted by this court, they certainly set forth persuasive principles of attitude and conduct and are an excellent guide as to what is expected of a member of the judiciary.

The court has attempted to do that which it ordinarily will not do, namely, give an advisory opinion upon the questions asked. However, having answered the petitioner's basic inquiry, that the bar commission does not have jurisdiction in this particular matter, it is not felt that any further advice is warranted.

The petition will therefore be denied, and it is so ordered.