662 So.2d 1242 (1995)
THE FLORIDA BAR, Complainant,
v.
Gary G. GRAHAM, Respondent.
No. 84897.
Supreme Court of Florida.
November 16, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Frances R. Brown and Carlos E. Torres, Bar Co-Counsel, Orlando, for Complainant.
Gary G. Graham, Inverness, pro se, Respondent.
PER CURIAM.
We have for review The Florida Bar's petition for review of the referee's order dismissing with prejudice thirteen counts of the complaint filed by the Bar against the respondent, Gary G. Graham. We have jurisdiction. Art. V, § 15, Fla. Const. For the *1243 reasons expressed, we approve the referee's order.
The facts of this case are as follows. On June 24, 1993, Gary G. Graham was removed by this Court from the office of county court judge for misconduct. See In re Graham, 620 So.2d 1273 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1186, 127 L.Ed.2d 537 (1994). Thereafter, the allegations of misconduct that caused Graham's removal from judicial office were forwarded to a bar grievance committee for review. The committee found no probable cause to proceed against Graham. The Board of Governors of The Florida Bar overturned the committee's finding of no probable cause. The Bar then filed a fifteen-count complaint against Graham, and this Court referred the matter to a referee. The first thirteen counts dealt with the charges of misconduct for which Graham was removed from judicial office.[1] Counts fourteen and fifteen concerned Graham's conduct before and during the hearings before the Judicial Qualifications Commission (JQC).[2]
After being assigned to the case, the referee directed the parties to submit written memoranda addressing the circumstances under which the Bar may seek disciplinary action against a former judicial officer. After reviewing the memoranda, the referee issued an order dismissing counts one through thirteen. The referee first determined that those counts involved allegations of misconduct almost identical to the conduct for which Graham was removed from office. He also noted that, although the allegations, if true, revealed a serious lack of judicial temperament, nothing in them indicated that Graham was dishonest or venal or guilty of moral turpitude. The referee then held that the Bar may not seek disciplinary action against a former judicial officer whose acts of misconduct committed while acting as a judge did not involve a crime, dishonesty, deceit, immorality, or moral turpitude. After the referee issued the order dismissing the first thirteen charges, the Bar filed this petition for review of the order. The remaining two counts are still pending and they are not presently before this Court for resolution.
The Bar asks this Court to quash the referee's order and reinstate the proceedings against Graham. First, the Bar contends that the Rules Regulating the Florida Bar specifically authorize the Bar to institute disciplinary proceedings against a former judge who was removed from judicial office for misconduct. Second, the Bar maintains that the referee erred in dismissing the first thirteen *1244 counts given that those counts, when taken as a whole, call into question Graham's fitness as an attorney. Third, the Bar argues that its authority to pursue disciplinary proceedings against a former judge for misconduct that caused the judge's removal should not be limited to misconduct involving criminal conduct, moral turpitude, dishonesty, deceit, or immorality. The Bar states that such a limitation would hold the Bar to a much higher standard in attorney discipline cases involving former judges than applies in proceedings involving judicial discipline. In sum, the Bar contends that any misconduct that is sufficient to remove a judge from office is also serious enough to warrant discipline as an attorney.
Clearly, the Bar has the authority to bring attorney disciplinary proceedings against a former judge for misconduct that occurred while the judge was in office. Although the JQC has exclusive authority to institute disciplinary proceedings against sitting judges, Rule Regulating the Florida Bar 3-4.5 permits the suspension of a former judge as an attorney subsequent to the judge's removal from office. Further, this Court has previously determined that misconduct in a judgeship reflects on an attorney's fitness to practice law and is consequently a proper ground for discipline. Florida Bar v. McCain, 330 So.2d 712 (Fla. 1976). The question then is not whether the Bar has the authority to bring disciplinary proceedings against a former judge; without question, the Bar has the authority to do so under the rules adopted by this Court. The proper question is whether such disciplinary proceedings should be limited to misconduct involving a crime, dishonesty, deceit, immorality, or moral turpitude given that judicial discipline has already been imposed by this Court.
While this is a question of first impression for this Court, we have stated that "[a] judge is required to conduct himself under standards which are much higher than those required of an attorney. Although we use the same measure of proof in considering grievance procedure against a judge as that used against a lawyer, facts requiring the reprimand or removal of a judge may not in all circumstances require reprimand or disbarment of an attorney." In re LaMotte, 341 So.2d 513, 517 (Fla. 1977). Essentially, conduct that is improper for a judge will not always be improper for an attorney. For instance, judges must always strive to conduct themselves in a neutral manner. Attorneys, on the other hand, must represent their clients to the best of their ability and will almost always conduct themselves in a non-neutral manner in which they advocate a position. Moreover, as shown by the conduct at issue here, abuse of power or other judicial misconduct may not necessarily result from a dishonorable motive and may, in fact, be well-intended. As we stated in Graham:
As a county judge, Graham made what he perceived to be a valiant effort at ridding Citrus County of the political favoritism and government corruption that caused the demise of his predecessor. His zealous pursuit of a pure society apparently clouded his ability to impartially adjudicate the matters before him. His motives are acceptable, but his methods are not... .
We recognize that Graham is not dishonest, venal, or guilty of moral turpitude.
620 So.2d at 1275.
An attorney disciplinary proceeding must serve three purposes. First, the discipline must be fair to society. Second, it must be fair to the attorney. Third, the discipline must be severe enough to deter other attorneys from similar misconduct. Florida Bar v. Rue, 643 So.2d 1080 (Fla. 1994); Florida Bar v. Stark, 616 So.2d 41 (Fla. 1993). We find that allowing the discipline of an attorney for conduct committed while the attorney was a judge serves to support none of those goals when the judicial misconduct for which attorney discipline is sought involved merely a well-intended, albeit misguided, abuse of judicial power. As the referee noted in his well-reasoned order, many other states that have addressed this issue agree and have reached the conclusion that an attorney should not be disciplined for misconduct committed while serving in a judicial capacity unless that conduct involved a crime, dishonesty, deceit, immorality, or moral turpitude. See, e.g., Gordon v. Clinkscales, 215 Ga. 843, 114 S.E.2d 15 (1960); In re McGarry, 380 Ill. 359, *1245 44 N.E.2d 7 (1942); Petition of Bd. of Comm'rs, 65 N.M. 332, 337 P.2d 400 (1959); State ex rel. Okla. Bar Ass'n v. Sullivan, 596 P.2d 864 (Okla. 1979). Cf. In re Yaccarino, 117 N.J. 175, 564 A.2d 1184 (1989) (appropriate to discipline attorney for conduct as a judge if conduct corrupts the judicial process; conduct may require disbarment if that conduct demonstrates untrustworthiness, dishonesty, or lack of integrity).
As noted previously, in removing Graham from the bench, we expressly found that, although the conduct for which he was removed involved violations of the Code of Judicial Conduct and abuses of his judicial power, Graham was not dishonest or venal or guilty of moral turpitude. Consequently, we find that his judicial misconduct does not warrant additional discipline against him as an attorney in view of the judicial discipline he has already received.
Accordingly, we approve the referee's order of dismissal of counts one through thirteen of the complaint.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
OVERTON, J., concurs with an opinion.
WELLS, J., recused.
OVERTON, Justice, specially concurring.
I fully concur in the majority's holding that the bar disciplinary proceedings against Gary G. Graham be dismissed. I write separately only to state that, in future judicial disciplinary proceedings, it may be appropriate in cases similar to Graham's for this Court to expressly hold that no attorney disciplinary proceedings are warranted.
In reality, only three sanctions are available for judicial misconduct: (1) a reprimand; (2) removal from judicial office; and (3) removal from judicial office and suspension or disbarment from the practice of law. As to the third available sanction, the Joint Committee on Professional Discipline of the American Bar Association has recommended the following:
7.13 Consideration of Lawyer Discipline. The court, when considering removal of a judge, should determine whether discipline as a lawyer also is warranted. If removal is deemed appropriate by the court, it should notify the judge and the lawyer disciplinary board and give them an opportunity to be heard on the issue of the lawyer discipline, if any, to be imposed.
Commentary. Misconduct by a judge which requires removal is so serious that the lawyer disciplinary board should have the opportunity to recommend disbarment or other discipline against the judge as a lawyer. When a judge is removed from the bench, the lawyer disciplinary board should have the opportunity to be heard on the issue of lawyer discipline before he [or she] is restored to practice. The judge should be aware of the possibility of this further sanction, and be heard on the matter.
A.B.A. Joint Comm. on Prof. Discipline, Professional Discipline for Lawyers and Judges § 7.13, at 58-59 (1979). Such a procedure prevents the duplication of time, costs, and expense for all involved in the process. I would suggest that in future judicial disciplinary proceedings, if this Court determines that a judge is to be removed from office, we should make the additional determination of whether attorney disciplinary proceedings are appropriate. In making this suggestion, however, I do not mean to imply that alleged misconduct distinct from that which was before this Court should not be prosecuted. See, for example, counts fourteen and fifteen in this case against Graham involving alleged misconduct before and during the hearings before the JQC.
NOTES
[1] The Bar charged that Graham: (1) grossly abused his judicial power by unfairly increasing a defendant's sentence; (2) stated in open court that shrimpers were unsavory characters and ordered a defendant not to associate with shrimpers but then changed the sentence to probation; (3) sentenced a defendant to probation and community service, but provided that a portion of the sentence would be suspended if the defendant washed the state attorney's car with the t-shirt the defendant was wearing in court; (4) told the mother of a defendant that she was the cause of the defendant's problem; (5) prohibited a defendant from seeing his children even though such condition had no relation to the crime for which the defendant was charged; (6) ordered a defendant charged with a drug crime to assist the sheriff's office in obtaining information regarding other drug crimes; (7) accused an assistant public defender and a defendant of deliberately falsifying a transcript when he had no foundation for doing so; (8) improperly accused law enforcement personnel of providing favors to an inmate and improperly increased the inmate's sentence due to the favors; (9) accused the state attorney's office of routinely lessening for doctors and lawyers charges of driving under the influence to reckless driving; (10) improperly berated an attorney for being improperly dressed for court and required the attorney to wear another coat into court which was several sizes too small; (11) improperly conducted closed proceedings in a high profile murder case; (12) erroneously accused the state attorney and another judge of improper ex parte communications; and (13) made disparaging and insulting remarks about attorneys in a newspaper interview.
[2] In count fourteen, the Bar charged that Graham's attitude and activities during the hearings before the JQC were disruptive, scandalous, improper and contemptuous (he argued with the presiding chair over rulings, interrupted others, continually made objections, delayed proceedings by looking through files for long periods of time, and made demeaning remarks). The Bar charged that these actions demonstrated contempt for the authority of the JQC and disrespect to the chair and members of the commission. In count fifteen, the Bar charged that Graham asked improper questions during the course of taking the deposition of a circuit judge for the JQC proceedings (he asked the judge questions about his hunting activities and the type of clothing the judge wore to court).