679 So.2d 1181 (1996)
THE FLORIDA BAR, Complainant,
v.
Gary G. GRAHAM, Respondent.
No. 84897.
Supreme Court of Florida.
September 26, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Frances R. Brown, Carlos E. Torres, Jan K. Wichrowski and Eric M. Turner, Bar Co-Counsel, Orlando, for Complainant.
Gary G. Graham, pro se, Inverness, for Respondent.
PER CURIAM.
We have for review the consent judgment by Gary G. Graham and the Florida Bar and the referee's report recommending that Graham be found guilty of two counts of misconduct and that he receive a public reprimand. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution, and approve the referee's report and the consent judgment for a public reprimand.
In Florida Bar v. Graham, 662 So.2d 1242 (Fla.1995), we previously dismissed counts one through thirteen of the complaint filed in this case. Those counts dealt with the charges of misconduct for which Graham was removed from judicial office. We dismissed the counts after finding that the allegations, if true, revealed a serious lack of judicial temperament, but that nothing in them indicated that Graham was dishonest or venal or guilty of moral turpitude so as to warrant additional discipline against him as an attorney. Counts fourteen and fifteen, which are the subject of the referee's report in this case, concerned Graham's conduct before and during the hearings before the Judicial Qualifications Commission (JQC) regarding Graham's judicial misconduct.
The facts of the alleged misconduct at issue were set forth in the consent judgment as follows:
It is the position of the Florida Bar that during the JQC proceedings the Respondent's actions, attitude and activities were often disruptive, scandalous, improper and contemptuous. The presiding chair, in charging the respondent with contempt of the commission, stated that the respondent had continuously disregarded the instructions of the chair, intentionally delayed the proceedings, made demeaning remarks to the chair and failed to comply with the chair's instructions for the orderly presentation of the evidence.
The Florida Supreme Court in a footnote to the opinion removing the respondent from [his judicial] office stated that: "Our review of the transcripts and video *1182 tapes of the JQC hearing revealed that Graham repeatedly objected to motions, intentionally delayed the proceedings, and disregarded the instructions of the presiding chair. Although his performance during the JQC proceedings does not condemn him, it does reflect negatively upon his character."
It is the judgment of the Florida Bar that the above stated conduct has violated numerous provisions of the Rules Regulating The Florida Bar. In preparation for his defense of the above stated charges, Judge Graham deposed Judge Thurman. It is the position of the Florida Bar that the questions upon deposition were intended solely to harass and embarrass Judge Thurman. It is the further judgment of the Bar that the above stated conduct violated the respondent's Oath of Admission to the Florida Bar.
In mitigation, the respondent has no prior disciplinary history. During the 2½ years that this complaint has been pending he has exhibited and maintained a cooperative attitude toward these proceedings. He has already received the sanction of removal from judicial office for his conduct. Additionally, the Supreme Court of Florida stated in its opinion that "[a]s a county judge, Graham made what he perceived to be a valiant effort at ridding Citrus County of the political favoritism and government corruption that caused the demise of his predecessor. His zealous pursuit of a pure society apparently clouded his ability to impartially adjudicate the matters before him. His motives are acceptable, but his methods are not.... We recognize that Graham is not dishonest, venal or guilty of moral turpitude."
Justice McDonald in his separate opinion concurring in the findings of guilt but dissenting in the sanction of removal, stated that "[n]o one claims, or even suggests, that Judge Graham is dishonest. The record supports that he in fact is genuinely honest."
In further mitigation it is noted that while the Florida Bar rejects the findings of no probable cause by the assigned bar investigator and full grievance committee, the respondent's position is that their findings are an indication that because of the unusual nature of this case it is possible that the respondent was unaware that his conduct was unacceptable.
Based on the consent judgment, the referee recommended that Graham be found guilty of violating the following Rules Regulating the Florida Bar: 4-3.4(e)(fairness to opposing party and counsel in trial); 4-3.5(c)(disruption of tribunal); 4-3.6(a) (prejudicial extrajudicial statements prohibited); 4-4.4 (respect for rights of third persons); 4-8.2(a)(impugning qualifications and integrity of judges or other officers); and 4-8.4(d) (misconduct that is prejudicial to the administration of justice). The referee also recommended that we accept the agreed upon public reprimand as discipline and that Graham be required to pay the costs of this proceeding.
Based on the previous sanctions imposed upon Graham by this Court, the consent judgment agreed to by the parties, and the recommendations of the referee, we approve the consent judgment and the referee's recommendations. By publication of this opinion, we hereby publicly reprimand Gary G. Graham for the misconduct set forth herein. Judgment for costs in the amount of $1,333.05 is hereby entered in favor of the Florida Bar and against Gary G. Graham, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., recused.