LEWIS, J.,
concurring and dissenting in part.
I agree with the recommendation of the referee and this Court’s approval of the finding of guilt for professional misconduct in this case. However, I dissent with regard to the rejection and disapproval of the discipline recommended in the thoughtful and well-reasoned report of the referee.
While I do not condone the behavior of the Respondent, the referee specifically found that both the judge and the Respondent became frustrated and that “both fueled the fire,” which produced this most unfortunate circumstance. The referee recommended a public reprimand, a period of probation, attendance at a Professionalism Workshop and Ethics School along with the payment of all fees and costs of the proceeding. The referee found extensive mitigation and that the discipline recommended would protect the public, provide a deterrent effect, and be fair to the Respondent. The professional misconduct in each of the cases upon which the majority relies was far more egregious and extensive than the findings of the referee here. The recommendations of the referee are supported by, and have a reasonable basis in, our case law and in the Florida Standards for Imposing Lawyer Sanctions. *970 See, e.g., Fla. Bar v. Martocci, 791 So.2d 1074 (Fla.2001); In re Frank, 753 So.2d 1228 (Fla.2000); Fla. Bar v. Graham, 679 So.2d 1181 (Fla.1996); Fla. Bar v. Anderson, 538 So.2d 852 (Fla.1989); Fla. Bar v. McLawhorn, 535 So.2d 602 (Fla.1988); Fla. Bar v. Batman, 511 So.2d 558 (Fla.1987).
I would approve the Report of Referee submitted here.